SAPP v. WALKER ET AL.

1. **Tax Sale and Deed:** NOTICE TO REDEEM TO PERSON IN POSSESSION: WHAT CONSTITUTES POSSESSION. The removal of dirt from a vacant city lot under authority from the owner, and the cutting down of the weeds on the lot by the owner from year to year, are such acts and evidences of ownership as to put a tax purchaser on inquiry, and make it incumbent on him to give to the owner the statutory notice to redeem, in order to obtain a tax title which shall be valid as against him. Compare *Ellsworth v. Low, Adams & French,* 62 Iowa, 178.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY, JUNE 10.

ACTION in equity to quiet the title to real estate. Judgment for the plaintiff, and the defendant Cassady appeals.

*Baldwin & Wright, Dailey & Smith,* and *Finley Burke,* for appellant.

*Sapp & Pussey,* for appellee.

SEEVERS, J.—The real estate in controversy is lot 12, in block 18, in Mill addition to Council Bluffs. The plaintiff purchased the lot of, and it was conveyed to him by, Cowles; but the deed never was recorded, and has been lost. In November, 1878, it was sold for delinquent taxes to A. B. Walker, and in December, 1881, the lot, in pursuance of such sale, was conveyed to him. In the same month Walker conveyed to the defendant Cassady. The plaintiff contends that, as against him, the tax deed is invalid on two grounds: The first is that, during the period he had the right to redeem, he made an arrangement with Walker whereby he paid him a considerable sum of money, with the understanding and agreement between the plaintiff and Walker that the same was paid in redemption of certain real estate, including that in controversy, which Walker had purchased at tax sale; and

that, for want of time to ascertain the exact amount due, the redemption was to be completed at a future day; and that Walker, disregarding such agreement, obtained the deed, and afterwards conveyed to Cassady by a quit-claim deed.

Some of the members of the court are of the opinion that this claim of the plaintiff has been sustained, but, because of a doubt as to whether the conveyance from Walker to Cassady is not something more than a quit-claim deed, a majority of the court base their conclusion that the judgment must be affirmed on the second ground, which is that the tax deed is invalid because the plaintiff was not served with notice of the sale, and when the period of redemption would expire, as required by Code, § 894, which provides that such a notice shall be " served on the person in possession " of the land. The plaintiff became the owner of lots 12 and 13, in block 18, in Mill addition to Council Bluffs, in 1872 or 1873. The lots adjoined each other, and were not inclosed, nor were there any buildings or other improvements thereon. The plaintiff testifies: " I employed men to cut weeds off these lots 12 and 13 from year to year during the summer season after I bought them. I gave permission to persons at various times to take dirt away from the same, giving directions to them where to take it from." He also gave permission to the owners of an abutting lot to errect a temporary fence over the line on one of these lots, and to pile wood on lot 12. The plaintiff further testifies that the weeds were cut down each year at least once, and some years they were cut twice a year.

The evidence of the plaintiff is to some extent corroborated by members of his family, and also by W. S. Mayne, who testifies: " I know the weeds were mowed. I don't know who by. * * * I cannot say every year, but quite a number of times. I have seen the weeds have been cut down then and now, and that dirt has been hauled off the property, but who did it I cannot say." It is not claimed that any one other person than the plaintiff, prior to

the execution of the tax deed, had the weeds cut down, or gave permission to remove dirt. The evidence above stated is of an affirmative character, and is not overcome by the evidence of witnesses who speak negatively, and who say they had no knowledge of dirt being hauled away, or of weeds being cut down.

The question, then, is whether the foregoing is sufficient evidence that the plaintiff was in possession of the lots in August, 1881, or whether it is sufficient to put the tax purchaser on inquiry. In *Ellsworth v. Low*, 62 Iowa, 178, the question was whether Dennison was in possession of the land, which was unfenced brush land. "No one saw Dennison on the land, but he was seen hauling wood therefrom," and it was held that he was in possession, and entitled to notice before a tax deed could lawfully issue. In that case the possession was such as is usual in such cases; and so here. It is not usual for owners of unimproved lots in towns and cities to fence their lots, or take actual and visible possession of them, otherwise than by exercising occasional acts of ownership. The authority given, and, in pursuance of such authority, the actual removal of dirt from the lots, is clear and indisputable evidence of possession, and so is the cutting down of the weeds. This was being done from time to time, and from year to year, and is clearly evidence of possession sufficient to put the tax purchaser on inquiry. Suppose one owns, but does not occupy, forty acres of prairie, and the same is unfenced and unimproved, but he cuts, or causes to be cut, the grass growing thereon from year to year, this clearly should be regarded as evidence of possession sufficient to put the purchaser at tax sale on inquiry.

The statute in relation to the notice required to be given the person in possession is remedial in its character, and should receive a reasonable construction, in order that the evils intended to be remedied by its enactment may be remedied. It is not required that the possession should be open, notorious, and at all times visible to all persons, but the possession should

be such as is usual and ordinary of such property by the owners; and this we think quite clearly appears from the evidence. It is, however, insisted that the deed is presumptive evidence that the requisite notice had been given, and that such presumption has not been overcome. The plaintiff testifies positively that no notice was served on him, and it is not claimed otherwise; but it is said, as the plaintiff had a family, it may have been served on some member thereof. The deed recites that the notice was served on Lucy G. Cowles, and therefore the deed was executed. This excludes the thought that it was served on any one else. The deed therefore, is presumptive evidence only that it was served on Mrs. Cowles.

AFFIRMED.