A. D. SWANSON, Appellee, v. JAMES PONTRALO et al., Appellees; JAMES PONTRALO, Appellant.

No. 46913.

APRIL 9, 1947.

REHEARING DENIED JUNE 21, 1947.

F. W. Lohr and Carl W. H. Sass, both of Sioux City, for appellant.

Stewart & Hatfield, of Sioux City, for appellee.

V. O. DeWitt, of Sioux City, for Sioux City, appellee.

Robert B. Pike, of Sioux City, for Woodbury County, appellee.

Kindig, Kindig & Beebe, of Sioux City, for Maggie Wallace, appellee.

Curtis W. Gregory, of Des Moines, for State Board of Social Welfare, appellee.

MULRONEY, J.—Plaintiff's petition alleged she became the owner of certain realty in Sioux City, Woodbury County, Iowa,

by special warranty deed from the county and she prayed that her title be quieted. James Pontralo, one of the named defendants and the former owner, answered attacking the tax-sale proceedings wherein plaintiff's grantor allegedly acquired title as (1) a sale en masse, and (2) a sale to the county for one year's delinquent tax of a part of the realty involved. The answer also alleged that the tax-sale proceedings and recitals in the deed do not show that there were no other bidders at the tax sale. The answer contended the tax deed to the county was null and void and by way of cross-petition defendant prays that his title be quieted. Plaintiff replied to Pontralo's answer alleging the county auditor filed the affidavit provided for in section 448.15, Code, 1946; that the same was recorded; and Pontralo failed to file any claim with the county recorder within one hundred twenty days thereafter, as provided in section 448.16, Code, 1946, and by reason thereof Pontralo is estopped "from now claiming any right, title, or interest in said land, or making any claim that the said tax sale proceeding is defective or void." Pontralo amended his answer, and with respect to the allegations in plaintiff's reply he asserted the affidavit filed by the county auditor was of no validity because it was not sworn to before a notary public and no jurat was affixed to the same, and it was prematurely filed.

Plaintiff's evidence established her title as derived by the deed from the county, and the filing of the affidavit by the county under section 448.15, Code, 1946. Pontralo's evidence sought to establish the contentions of his answer with respect to the sale en masse, the sale to the county for one year's tax, and the noncompetitive sale. The trial court held Pontralo's claim against the tax title was barred under section 448.16 by reason of the affidavit filed by the county and Pontralo's failure to file his claim within one hundred twenty days after the county filed its affidavit under section 448.15. It held the statutes were constitutional and the affidavit was not prematurely filed, for the statutory period had, by amendment, been reduced from five to two years, and the amendment would apply to deeds previously recorded. Upon this appeal Pontralo argues that the evidence establishes the allegations of his answer and

therefore the tax sale was invalid and the tax deed void. With respect to the question whether his claim is barred under the provisions of sections 448.15 and 448.16, Code, 1946, he argues the insufficiency of the affidavit; that the filing of the affidavit was governed by the five-year statute and hence it was prematurely filed; and if construed to bar his claim, sections 448.15 and 448.16 are unconstitutional in that they deprive him of his property without due process of law, contrary to the state and federal constitutions.

I. Sections 448.15 and 448.16 are set forth herein in a footnote.[1] With respect to the first contention that the affidavit did not contain the jurat of the notary public and therefore was not in the form prescribed by the statute, we find that it does appear from the body of the affidavit that the maker was sworn. It says: "I, W. H. Thompson, being first duly sworn, on oath depose and say * * *." Affixed to the affidavit was an acknowledgment. Under our holding in Dalbey Bros. Lbr. Co. v. Crispin, 234 Iowa 151, 12 N. W. 2d 277, we find there was substantial compliance with the statute as to make the affidavit operative.

[1] "448.15 Affidavit by tax-title holder. After two years from the issuance and recording of a tax deed or an instrument purporting to be a tax deed issued by a county treasurer of this state, the then owner or holder of such title or purported title may file with the county recorder of the county in which such real estate is located an affidavit substantially in the following form:
"State of Iowa ⎱
_____ County ⎰ ss.
"I, _____, being first duly sworn, on oath depose and say· that on _____(date) the county treasurer issued a tax deed to _____ (grantee) for the following described real estate: _____; that said tax deed was filed for record in the office of the county recorder of _____ county, Iowa, on _____(date), and appears in the records of that office in _____ county as recorded in Book ____ Page ____ of the _____ Records; and that _____ is now in possession of such real estate and claims title to the same by virtue of such tax deed, or such purported tax title.
"Any person claiming any right, title, or interest in or to such real estate adverse to the title or purported title by virtue of such tax deed referred to herein shall file a claim of the same with the recorder of the county wherein such real estate is located, within one hundred twenty days after the filing of this affidavit, such claim to set forth the nature thereof, also the time and manner in which such interest was acquired.

"Subscribed and sworn to before me this _____ day of _____, 19____.

Notary Public in and for _____ County, Iowa"
"448.16 Claims adverse to tax title barred. When such affidavit is filed it shall be notice to all persons, and any person claiming any right, title, or interest in or to such real estate adverse to the title or purported title by virtue of such tax deed hereinabove referred to, shall file a claim of the same with the county recorder of the county in which such real estate is located within one hundred twenty days after the filing of such affidavit, which claim shall set forth the nature thereof, the time when and the manner in which such interest was acquired."

■ II. There is no merit in Pontralo's second contention that the five-year statute applies and hence the affidavit was prematurely filed. Chapter 257, Acts of the Forty-ninth General Assembly, which went into effect July 4, 1941, provided for the filing of the affidavit "After five years from the issuance and recording of a tax deed." Chapter 223, Acts of the Fiftieth General Assembly, which went into effect July 4, 1943, struck the word "five" in the previous act and substituted "two." The deed in this case was recorded June 2, 1941. The affidavit was filed November 16, 1944. The time of the filing of the affidavit was governed by the statute as amended. The two statutes are statutes of limitations and the legislature had the power to shorten the statutory period. Wooster v. Bateman, 126 Iowa 552, 102 N. W. 521.

■ III. Section 448.15, Code, 1946, is to be construed as authorizing the filing of the affidavit by the owner or holder of the tax title or purported title who is in possession of the realty under a recorded tax deed. This section and section 448.16 bar the claims adverse to such tax title or purported title asserted by claimants who are not in possession of the property. We need not go into the various meanings of the word "purported." The purport of a written instrument is usually its meaning; what it intends to show; what is apparent; what it shows on its face. See 35 Words and Phrases 539 et seq. Tax title or purported title as used in the statute means a tax title where the muniment of title, the tax deed, is intended to show, and in fact does show on its face, a valid conveyance of the title to the named grantee. The county held such title in this case. Plaintiff's title is not attacked as fictitious. The tax deed is not assailed as a pretended conveyance. Admittedly the tax deed was genuine. It was properly signed and executed and it was intended as a conveyance of title to plaintiff's grantor.

■ The record shows that as the holder of such title the county took over from appellant the possession of the property and rented it. As the holder and owner of such title the county in possession could, under the statute, after two years after the tax deed was recorded, file the affidavit which would start

the running of the additional statutory period of one hundred twenty days.

■ Appellant was not deprived of his property by the limitation statutes. His property was taken by the tax deed and the limitation statutes merely prescribe a period within which he must assert any claim he might have that this deed was ineffectual as a conveyance of the title it purported to convey. He was not in possession of the real estate. The trial court found the county went into possession of the property the date the tax deed was issued to the county on June 2, 1941, and remained in possession until it sold the property to plaintiff on March 5, 1945. Thus the statute merely cut off a remedy, after a lapse of time, within which time the claimant out of possession was free to assert the remedy. Such a statute does not offend against due process if the statute grants a reasonable time within which process can be had. The rule is thus stated in 16 C. J. S., Constitutional Law, section 615:

"While limitations must comply with the requirements of due process of law, and while a statute of limitations which attempts to bar a debt or other claim without giving a reasonable time within which the right may be preserved is violative of the due process clause, nevertheless statutes of limitation do not necessarily operate to deprive a person of property without due process, even though enacted subsequently to the arising of the claim * * * and limitations work a denial of due process only when so short as to deny an effective remedy."

Appellant does not argue that the time granted to him under the statute within which to assail the validity of the tax deed was too short, nor does he argue that the requirement that his claim of invalidity of the tax title be filed with the county recorder, during the last one hundred twenty days was unreasonable. It does not readily appear to us that such time was too short or the filing requirement without justification.

■ The question of whether or not a statute of limitations violates due process is not dependent upon the nature of the claim the party can assert. The defects can be mere irregularities or informalities or the defects can be jurisdictional. The

nature of the claimed defect is important when considering whether the right to assert it is barred by a curative act, for the legislature can cure only irregularities and informalities. It cannot cure a jurisdictional defect, for this would be making legal, by legislative fiat, a deed which was absolutely void, and hence it would be unconstitutional as impinging upon due process. But the legislature can, by a statute of limitations, bar the right to assert a jurisdictional defect by one who is not in possession of the realty. This was held in the case of Dunkum v. Maceck Bldg. Corp., 256 N. Y. 275, 285, 176 N. E. 392, 396, where the Court of Appeals of New York had before it the question of whether a jurisdictional defect, in tax title, consisting of a defective assessment, was barred under a statute making a tax deed to vacant and unoccupied land conclusive evidence of the regularity of all prior proceedings after two years from the date of recording such deed. In holding the claimed jurisdictional defect barred under the statute, which is held to be a statute of limitations, the court stated:

"Defects in tax titles which are not jurisdictional may be remedied by curative acts * * * The Legislature cannot, however, by its fiat make legal a deed which was theretofore absolutely void because of jurisdictional defects. A curative act enacted for such a purpose is unconstitutional and void. It is an attempt to deprive the owners of the land of their property without due process of law * * * But the Legislature may legally enact a Statute of Limitations to prevent the assertion of a right to question the validity of a tax title of vacant and unoccupied lands because of jurisdictional defects in the sale and in the proceedings leading thereto, provided a reasonable time is given for the assertion of the right before the statute becomes operative."

See, also, Meigs v. Roberts, 162 N. Y. 371, 378, 56 N. E. 838, 840, 76 Am. St. Rep. 322; Halsted v. Silberstein, 196 N. Y. 1, 89 N. E. 443; Helterline v. People, 268 App. Div. 55, 48 N. Y. S. 2d 725; Saranac Land & Timber Co. v. Comptroller of New York, 177 U. S. 318, 319, 20 S. Ct. 642, 44 L. Ed. 786.

In the case of Meigs v. Roberts, supra, Judge Cullen states:

"A curative act in the ordinary sense of that term is a retrospective law acting on past cases and existing rights. The power of the legislature to enact such laws is, therefore, confined within comparatively narrow limits, and they are usually passed to validate irregularities in legal proceedings or to give effect to contracts between parties which might otherwise fall for failure to comply with technical legal requirements. (Cooley's Constitutional Limitations, p. 454.) * * * But there may be in legal proceedings defects which are not mere informalities or irregularities, but so vital in their character as to be beyond the help of retrospective legislation; such defects are called jurisdictional. This principle does not apply to a Statute of Limitations, for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right."

The claimed defects in the instant case are (1) that the tax-sale proceedings show a sale en masse (2) that it is not shown that the sale was not competitive (3) that the tax-sale proceedings show that a part of the property was sold to the county for one year's delinquent tax. The first two claimed defects might well be held to be irregularities. The third would probably be a jurisdictional defect. Nevertheless, the statutes constitute a bar to appellant's right to contest the validity of the tax title.

A statute which resembles the limitation statutes under consideration is section 614.17, Code, 1946. This statute, which went into effect July 4, 1931 [section 11024, Code, 1931], provides that no action based upon any claim existing prior to January 1, 1920, shall be maintained to recover any interest in real estate against the holder in possession by chain of title since January 1, 1920, unless such claimant shall, before July 4, 1932, file a statement of said claim in the county recorder's office. The statute defines the holder of the chain of title to include the tax-deed grantee. The only decision of this court involving this statute is Lane v. Travelers Ins. Co., 230 Iowa 973, 978, 299 N. W. 553, 555. There we held the statute to be

a statute of limitations and effective to bar the contingent remainder interest of two minors. The opinion states the validity of the statute was not attacked, but Justice Garfield, speaking for the court, stated:

"We may observe * * * that there can be little doubt of the desirability of statutes giving greater effect and stability to record titles."

What was there said with respect to record title is equally applicable to tax title. By curative acts, such as section 448.5, Code, 1946, the legislature has made the "title conveyed or purporting to be conveyed" safe from attacks based on certain enumerated irregularities. By sections 448.15 and 448.16, the same title is, after the lapse of time, made safe from attacks by the claimant out of possession who asserts a jurisdictional defect. These statutes, designed to remove the taint from tax title, violate no constitutional provisions against the taking of property without due process. The cause is affirmed.—Affirmed.

WENNERSTRUM, C. J., and SMITH and MANTZ, JJ., concur.

HALE and HAYS, JJ., concur in result.

OLIVER and GARFIELD, JJ., dissent from Division I.

GARFIELD, J. (dissenting in part)—I respectfully dissent from so much of the majority opinion (Division I) as holds the so-called affidavit by the county auditor is in substantially the form required by section 448.15, Code, 1946. I agree with the views expressed in the remainder of the opinion.

The statutory form contains a jurat. The so-called affidavit here contains only an acknowledgment. There is no showing the auditor was sworn except his own self-serving statement in the body of the affidavit. This is like an attempt of someone to lift himself by his bootstraps.

The principal authority for the majority's holding on this point is Dalbey Bros. Lbr. Co. v. Crispin, 234 Iowa 151, 12 N. W. 2d 277. I much prefer the dissenting opinion in the Dalbey case. The authorities it cites amply support the views

therein expressed. There is greater reason here than in the Dalbey case for holding the affidavit insufficient. Here, as stated, the statutory form contains a jurat. The mechanic's lien statute involved in the Dalbey case, however (section 572.8, Code, 1946, section 10277, Code, 1939), does not in terms require a jurat but only "a verified statement."

We have always required rather strict compliance with the essential provisions of statute in the acquisition of tax titles. It is not too much to require that one who wants to claim the benefit of sections 448.15, 448.16, file an affidavit such as the statute contemplates, that contains a jurat in which the notary —not merely the so-called affiant—certifies to the administration of the oath.

I would hold appellee is entitled to no relief under sections 448.15, 448.16, because there was not substantial compliance with 448.15 in the filing of the affidavit.

OLIVER, J., joins in this dissent.