**Arvin B. NELSON, Plaintiff–Appellant,**

v.

**Nancy E. FORBES and John R. Slump, Defendants–Appellees.**

No. 94–637.

Court of Appeals of Iowa.

Feb. 2, 1996.

A.J. Stoick of Klass, Hanks, Stoos, Stoick & Villone, Sioux City, for appellant.

Brian E. Buckmeier of Buckmeier & Daane, Sioux City, and David J. King of Berenstein, Vriezelaar, Moore, Moser & Tigges, Sioux City, for appellees.

Considered by SACKETT, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

This case involves 206 acres of real estate near Sergeant Bluffs, Iowa. In about 1978, Singing Hills Estates Company purchased the property. A mortgage on the property was held by Toy National Bank of Sioux City. In 1982, Singing Hills assigned its interest in the mortgage to Chance Land Investment Company.

In 1985 or 1986, Arvin Nelson entered into an oral lease with Chance to rent the property for farming purposes. Nelson registered the property with the Agricultural Stabilization and Conservation Service (ASCS). According to ASCS records, about ninety-three acres of the land was tilled for corn and soybeans. Nelson used some additional acres as pasture for cattle. A motorcycle club held a separate lease on a portion of the 206 acres.

The property was sold at a tax sale on June 19, 1989, to Woodbury County. On January 22, 1992, the Woodbury County treasurer served noticed on Singing Hills, the bank, and Chance that their rights to redeem the property would expire within ninety days. No notice was served on Nelson. None of the parties served redeemed the property.

On June 23, 1992, the treasurer issued tax deeds for the property to Nancy Forbes and John Slump. The property is referred to in the record as Tax Parcels No. 824145, 824280, 824310, 824295, 824315, 834105, 834345, and 834360.

The father of Nancy and John, Richard Slump, contacted the ASCS office and learned Nelson was farming the property. Sometime during July 1992, Richard personally delivered copies of the tax deeds to Nelson. John and Nancy served notice of expiration of farm tenancy on Nelson on August 31, 1992. On September 9, 1992,

John and Nancy filed 120–day affidavits pursuant to Iowa Code section 448.15 in the Woodbury County recorder's office. Nelson did not file a response or claim during this period.

On February 22, 1993, Nelson filed an action against John and Nancy claiming the tax deeds were void. He alleged he was a party in possession and he had not received notice of his right of redemption. Nelson asked to be allowed to redeem the property.

The district court determined defendants' tax deeds and 120–day affidavits were not defective in any way. The court found, under section 448.16, the moment defendants filed the 120-day affidavit, the affidavit became notice to all persons. Plaintiff failed to file his claim within the 120–day limitation period. The court determined after the 120–day period elapsed plaintiff was barred from challenging the tax deeds and accordingly dismissed the case. Plaintiff appealed.

**I.** An action to set aside and declare void a tax deed[1] is reviewed de novo. *Pendergast v. Davenport*, 375 N.W.2d 684, 686 (Iowa 1985).

**II.** Plaintiff contends the filing of the statutory 120–day affidavits did not affect his right to redeem the property. Plaintiff believes the 1989 version of section 448.15 is applicable. This section provides:

> *After two years from the issuance and recording of a tax deed* or an instrument purporting to be a tax deed issued by a county treasurer of this state, the then owner or holder of such title or purported title may file with the county recorder of the county in which such real estate is located an affidavit. . . .

>   \*    \*    \*    \*    \*    \*

> Any person claiming any right, title, or interest in or to such real estate adverse to the title or purported title by virtue of such tax deed referred to herein shall file a claim of the same with the recorder of the county wherein such real estate is located, within one hundred twenty days after the filing of this affidavit, such claim to set forth the nature thereof, also the time and manner in which such interest was acquired.

(Emphasis added).

Effective April 1, 1992, section 448.15 was amended to provide the 120–day affidavit could be filed immediately after the issuance and recording of a tax deed. At the same time, the legislature added section 447.14, which provides, "The law in effect at the time of tax sale governs redemption." We believe section 447.14 applies only to chapter 447, which deals with redemption. There is no similar section in chapter 448 stating the law in effect at the time of the tax sale governs tax deeds.

Further, we note in considering a previous amendment to section 448.15, our supreme court determined the statute was a statute of limitations, and the legislature had the power to shorten the statutory period. *Swanson v. Pontralo*, 238 Iowa 693, 697, 27 N.W.2d 21, 23 (1947). The court found the time for the filing of the affidavit was governed by the statute as amended, and not by the statute in effect at the time the tax deed was recorded. *Id.* We believe a similar rule applies here. The 120–day affidavit was filed on September 9, 1992. The amendatory statute which reduced the time period for filing the 120–day affidavit from two years to "immediately after the issuance and recording of the tax deed" took effect on April 1, 1992. We conclude the affidavit filed by defendants-tax-titleholders was not premature since the April 1, 1992 amended statute applies. Under the circumstances here, the 120–day affidavits could be filed immediately after the issuance and recording of the tax deeds.

**III.** Plaintiff next claims defendants were unable to file a 120–day affidavit because they were not in possession of the property. Section 448.15 permits the filing of the 120–day affidavit by "the then-owner or holder of such title or purported title," i.e. the title that stems from a tax deed issued by the county treasurer. It is true, as plaintiff

---

1. "It should be remembered that in Iowa tax title is original and not derivative. If valid, it totally destroys the antecedent estate." *Patterson v. May*, 239 Iowa 602, 610, 29 N.W.2d 547, 552 (1947) (citations omitted).

points out, the tax deed owner must also verify he/she is, at the time of the filing of the affidavit, "in possession of such real estate." (Section 448.16 [2] is set forth as a footnote to this opinion.)

■ Possession requires an act of dominion or control over the property in question. *Jamison v. Knosby,* 423 N.W.2d 2, 5 (Iowa 1988). In determining what acts demonstrate possession of land, previous cases have referred to conduct which gives notice to the party claiming title to the property. *Id.* Frequently, that conduct has been actual entry onto the land or some objectively observable use or care made of the land. *Id.*

We determine defendants had exercised dominion and control over the property prior to filing the 120–day affidavit on September 9, 1992. They sent notice on August 31, 1992, to plaintiff terminating his farm tenancy effective March 1, 1993. Additionally, defendants placed no trespassing signs on part of the property.

Defendants, as the owners under the tax deed, had the statutory authority to file the 120–day tax affidavit. They also met the affidavit requirement that they be in possession of the property at the time of filing. We find this claim of plaintiff to be without merit.

■ **IV.** We turn next to plaintiff's claim the tax deeds are invalid because he was not served with notice of redemption. He states he was in possession of the property as a tenant and, therefore, entitled to such notice.

2. Section 448.16 provides:

When the affidavit described in section 448.15 is filed it shall be notice to all persons, and any person claiming any right, title, or interest in or to the parcel described adverse to the title or purported title by virtue of the tax deed referred to, shall file a claim with the county recorder of the county in which the parcel is located within one hundred twenty days after the filing of the affidavit, which claim shall set forth the nature of the interest, the time when and the manner in which the interest was acquired.

At the expiration of the period of one hundred twenty days, if no such claim has been filed, all persons shall thereafter be forever barred and estopped from having or claiming any right, title, or interest in the parcel adverse

■ Before finalizing this division of our opinion, we should first distinguish a curative act from a statute of limitation. A curative act will only cure irregularities and informalities. *Swanson,* 238 Iowa at 699, 27 N.W.2d at 24. A curative act cannot cure a jurisdictional defect, for this would be making legal, by legislative fiat, a deed which was absolutely void and, hence, it would be unconstitutional as impinging upon due process. *Id.* at 699, 27 N.W.2d at 24. It is said:

Defects in tax titles which are not jurisdictional may be remedied by curative acts * * *. The legislature cannot, however, by its fiat make legal a deed which was theretofore absolutely void because of jurisdictional defects. A curative act enacted for such a purpose is unconstitutional and void. It is an attempt to deprive the owners of the land of their property without due process of law. * * * But the Legislature may legally enact a statute of limitations to prevent the assertion of a right to question the validity of a tax title of vacant and unoccupied lands because of jurisdictional defects in the sale and in the proceedings leading thereto, provided a reasonable time is given for the assertion of the right before the statute becomes operative.

*Id.,* 27 N.W.2d at 25 (*quoting Dunkum v. Maceck Bldg. Corp.,* 256 N.Y. 275, 176 N.E. 392, 396 (1931)).[3]

■ Sections 448.15 and 448.16 are considered as statutes of limitation. *Modern Heat & Power Co. v. Bishop Steamotor Corp.,* 239 Iowa 1267, 1278, 34 N.W.2d 581,

to the tax title or purported tax title, and no action shall thereafter be brought to recover the parcel, and the then tax-title owner or owner of the purported tax title shall also have acquired title to the parcel by adverse possession.

3. The supreme court's analysis in *Swanson* was based on the holding in *Dunkum,* which was a New York case. *Swanson,* 238 Iowa at 699, 27 N.W.2d at 24–25. Our review of *Dunkum* shows the holding in that case was based on a statute which only barred a claimant's right to question a defendant's tax title to unoccupied and vacant land. *Dunkum,* 176 N.E. at 396. The New York court specifically stated it was not addressing the question of whether the statute would bar the rights of a party in possession of the property. *Id.*

587 (1948). These two sections act to bar the claims of those not in possession of the property. *Simeon v. City of Sioux City,* 252 Iowa 779, 785, 108 N.W.2d 506, 510 (1961). Thus, as a statute of limitation, "sections 448.15 and 448.16, the same title is, after the lapse of time, made safe from attacks by *the claimant out of possession* who asserts a jurisdictional defect." *Patterson v. May,* 239 Iowa 602, 613, 29 N.W.2d 547, 553 (1947) (emphasis added).

It is clear under those two sections of the Iowa Code that a claimant out of possession can be barred, after a lapse of time, from asserting jurisdictional defects. But then, what are the rights of claimants in possession at the time of the filing of the 120–day affidavit? Section 448.16 speaks in terms of barring "all persons," but our supreme court has, when referring to sections 448.15 and 448.16, spoken in terms of barring claims of persons out of possession. For instance, in *Swanson* the court held sections 448.15 and 448.16 cut off a remedy after a lapse of time, within which time the claimant out of possession is barred. *Swanson,* 238 Iowa at 698, 27 N.W.2d at 24. In discussing the holding in *Swanson,* the court later stated:

> In Swanson v. Pontralo, supra, we hold sections 448.15, 448.16 are a statute of limitations which authorize the filing of an affidavit *by one in possession* of realty under a recorded tax deed as a result of which adverse claims *of those not in possession* are barred.

*Modern Heat,* 239 Iowa at 1278, 34 N.W.2d at 587 (emphasis in original).

We need not decide what rights claimants in possession at the time of the filing of the 120–day affidavit have for, if plaintiff prevails on his claim that he was a party in possession at the time of service of the redemption notices, then the law as it relates to redemption rights under the facts of this case applies.

We turn then to the question of whether plaintiff was in possession[4] at the time of service of expiration of redemption rights. Possession is nothing more than conduct on the property sufficient to place the tax authority on notice that the actor has an interest in the property taxed. *Pendergast,* 375 N.W.2d at 690. Growing crops on the portion of the property to redeem is such conduct. *Callanan v. Raymond,* 75 Iowa 307, 308, 39 N.W. 511, 512 (1888). So, too, is maintaining a telephone on the property, *Pendergast,* 375 N.W.2d at 691; maintaining a pile of lumber and some broken down furniture, *Burks v. Hedinger,* 167 N.W.2d 650, 654 (Iowa 1969); cutting of weeds and hauling of dirt, *Sapp v. Walker,* 66 Iowa 497, 499, 24 N.W. 13, 14 (1885); and the removal of timber from an undeveloped lot, *Ellsworth v. Low,* 62 Iowa 178, 180, 17 N.W. 450, 451 (1883). *See also, Thompson v. Chambers,* 229 Iowa 1265, 1272, 296 N.W. 380, 384 (1941).

Except for the land referred to as Tax Parcel No. 824295 and that part of Tax Parcel No. 824280 leased and occupied by the motorcycle club, plaintiff had been farming the other land for a number of years. He took possession in 1985 and farmed continuously until March 1, 1993, when his tenancy was terminated. Plaintiff's farming activities took place from the end of March to the end of November or mid-December each year.[5] Not all of the land that makes up the property is tillable. A portion of it, however, is and was continuously and openly farmed by plaintiff. His crops were visible from the latter part of May until the end of November. Even after the crops were removed, there was noticeable residue. In addition, on the non-tillable acres, plaintiff demonstrated his possession by fencing it so cattle could graze. We conclude, except for the parcels previously mentioned, plaintiff was in possession of the land in question.

---

**4.** We have previously found defendants were also in possession. More than one person may be in possession of property. *Pendergast,* 375 N.W.2d at 689.

**5.** Additionally, the fact a farmer-tenant does not actually occupy the property during the winter months does not dilute his claim to possession. *Jamison,* 423 N.W.2d at 5. It is not necessary for a farm lessee to carry on activities atypical to the nature of farming cropland in order to demonstrate possession. *Id.*

We believe our holding as to possession is consistent with the trial court's findings where, in its decree, it stated:

4. The plaintiff has farmed portions of the above-described real estate continuously since 1985. He farmed the property through the 1992 crop year. The plaintiff's right to farm the property was based upon a year-to-year oral lease that he had with Chance Land and Investment Company who rightfully possessed the property at all material times herein. The plaintiff planted and harvested crops every year and maintained the fences and property he farmed as well as maintaining weed control in surrounding property. The plaintiff farmed all of the farm land which was "farmable." The plaintiff relies on the ASCS records to show how many acres he farmed from year to year. The plaintiff farmed all or part of the above-described parcels of land except Parcel No. 824295. The plaintiff presented no evidence that he farmed Parcel No. 824295.

For the reasons set forth in the division that follows, plaintiff was entitled to notice of redemption.

**V.** The right to redeem from a tax sale is governed by Iowa Code section 447.1. It extends to anyone who has any legal or equitable interest in the property sold. A leasehold interest is a right sufficient to confer on the tenant the right to redeem. *Byington v. Rider*, 9 Iowa 566, 568 (1859). Iowa courts have consistently held the requirement of serving notice of redemption is an absolute, and the statutory provisions as to notice found in chapter 447 must be strictly complied with before parties are deprived of their property. *Pendergast*, 375 N.W.2d at 691. The failure to serve a party in possession prevents the service from becoming complete and the right of redemption does not expire. *Id.* Where service is incomplete, the right of redemption is not cut off and no valid tax deed can issue. *Modern Heat*, 239 Iowa at 1276, 34 N.W.2d at 586.

Except as to the land previously noted, we have found plaintiff was in possession of the property as a tenant. As the party in possession, he should have been served with the redemption expiration notice. *See Patterson*, 239 Iowa at 609, 29 N.W.2d at 554. We conclude service in this case was incomplete. Therefore, the right of redemption as to the property plaintiff was in possession of was not cut off and defendants do not hold valid tax deeds to those properties. *Butler v. Hoover Nature Trail, Inc.*, 530 N.W.2d 85, 89 (Iowa App.1994) (a tax deed is void where the redemption notice was not properly given).

We conclude under this division the tax deeds to Tax Parcels No. 824145, 824310, 824315, 834105, 834345, and 834360 are void for plaintiff has those rights of redemption a person in possession is entitled to. Plaintiff concedes he was not in possession of the parcel described as Tax Parcel No. 824295; but even if a dispute existed, he was not in possession of that parcel and, therefore, he had no redemption rights and, as a claimant out of possession, his rights were barred by the 120–day affidavit. We turn next to Tax Parcel No. 824280.

As to that parcel, plaintiff testified the motorcycle club rented a fairly large portion of that land for a motorcycle track. The only testimony in the record concerning the acreage of the motorcycle track is a reference to sixty acres. Plaintiff identified on his Exhibit 2, by a red boundary line, the property he farmed on Tax Parcel No. 824280. It is clear plaintiff had possession of that red boundaried parcel.

Thus, plaintiff has redemption rights to that part of Tax Parcel No. 824280 that he was in possession of, to wit, the property included within the red boundary line of Tax Parcel No. 824280 as identified in his Exhibit 2. As to that property, the tax deed is invalid. The remaining part of the tax deed which flowed from Tax Parcel No. 824280 is valid for the reason plaintiff was not in possession as to that part of the property and, in accordance with our redemption statutes, he has no redemption rights. "A party having no interest in land has no right to redeem it from a sale for taxes. . . ." *Penn v. Clemans*, 19 Iowa 372, 378 (1865). Further, as a claimant out of possession, his rights were barred by the 120–day affidavit.

In the event redemption rights are exercised to that part of Tax Parcel No. 824280 which plaintiff identified in red in his Exhibit 2 as the property he farmed, there shall be prepared a legal description of that property and redemption shall be prorated and proportioned as to amounts.

We note the following from Iowa Land Title Standard 10.2 (1993), which states:

PROBLEM: To what extent may Iowa Code §§ 448.15 and 448.16 be relied upon as a cure or remedy for imperfections in a tax deed?

STANDARD: These sections constitute valid marketable title legislation and bar all claims based upon defects in a tax deed, excepting (1) claims owned by the United States, (2) those barred on inadequate legal descriptions or (3) those based on improper notices of the expiration of right of redemption under Iowa Code § 447.9. (*See* Iowa Land Title Standard 1.8.) As a prerequisite to reliance upon these statutes it is necessary to require that the abstract show the recording of an affidavit as provided in Iowa Code § 448.15 and that no claims have been filed thereunder within 120 days after the filing of such affidavit. The abstract must also show when the affidavit was indexed in the Claimant's Index because the affidavit has no effect until so indexed.

Authority: *Larsen v. Cady,* 274 N.W.2d 907 (Iowa 1979).[6]

*Simeon v. City of Sioux City,* 252 Iowa 779, 108 N.W.2d 506 (1961).

*Patterson v. May,* 239 Iowa 602, 29 N.W.2d 547 (1947).

*Swanson v. Pontralo,* 238 Iowa 693, 27 N.W.2d 21 (1947).

*Mennonite Bd. of Missions v. Adams,* 462 U.S. 791 [103 S.Ct. 2706, 77 L.Ed.2d 180] (1983).

COMMENT: If the tax deed, as issued, contains an erroneous description, even if the above affidavit is recorded with a correct description, adequate notice is not given to holders of adverse claims and these code sections do not become operative.

We, of course, are not bound by the Iowa Land Title Standards. However, they are entitled to serious consideration. *Simeon,* 252 Iowa at 786, 108 N.W.2d at 510; *Tesdell v. Hanes,* 248 Iowa 742, 750, 82 N.W.2d 119, 124 (1957).

**VI.** Plaintiff asks to have the case remanded to the district court for a calculation of the amount needed to redeem the property. Under section 447.14, the law in effect at the time of the tax sale governs redemption. Here, the tax sale occurred in 1989. We determine the case should be remanded to the district court for determination of the amount needed for redemption under the 1989 version of chapter 447.

We reverse the decision of the district court and remand to the district court as directed within this opinion. Costs of this appeal are assessed seventy-five percent to defendants and twenty-five percent to plaintiff.

**REVERSED AND REMANDED.**

CADY, J., concurs.

SACKETT, P.J., dissents.

SACKETT, Presiding Judge, dissenting.

I dissent. I would affirm the trial court. The issue is whether the trial court should have set aside a tax deed issued on June 23, 1992, by the Woodbury County Treasurer because plaintiff-appellant Arvin B. Nelson, who claimed to have an oral lease with the original titleholder of the property, was not served with a notice he had rights to redeem the property.

Because the tax deed had issued when this lawsuit was first filed, the first issue that needs to be addressed is not whether Nelson was entitled to notice of a right of redemption; rather, whether Nelson can show facts necessary to defeat the deed.

Iowa Code section 448.5 provides:

---

**6.** In *Larsen v. Cady,* 274 N.W.2d 907, 909 (Iowa 1979), the defect in the notice to redeem was a property description which was so defective it failed to describe the property. This defect was held to be sufficient to void the title of the successor-in-interest to the holder of the tax deed.

The deed shall be conclusive evidence of the following facts:

1. That the manner in which the listing, assessment, levy, *notice* and sale were conducted was in all respects as the law directed.

* * * (emphasis added)

Iowa Code section 448.6 provides:

In all actions involving the title to a parcel claimed and held under a deed executed substantially as required in this chapter by the county treasurer, the person claiming title adverse to the title conveyed shall be required to prove, in order to defeat the title, any of the following:

1. That the parcel was not subject to taxes for the year and years named in the deed.

2. That the taxes had been paid before the sale.

3. *That the parcel had been redeemed from the sale and that the redemption was made for the use and benefit of persons having the right of redemption.*

4. That there had been an entire omission to list or assess the parcel, or to levy the taxes, or to give notice of the sale, or to sell the parcel. (emphasis added)

Iowa Code section 448.7 provides:

A person shall not be permitted to question the title acquired by a county treasurer's deed without first showing that the person, or the person under whom that person claims title, had title to the parcel at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all amounts due upon the parcel have been paid by that person, or the person under whom that person claims title.

Because plaintiff cannot meet these statutory requirements to set aside the tax deed, there is no basis to set it aside and the trial court should be affirmed.