# IN THE SUPREME COURT OF IOWA

No. 104 / 06-0031

Filed January 25, 2008

**DAVID PAUL DOHRN,**

Appellant,

vs.

**MOORING TAX ASSET GROUP, L.L.C., LAYNE PERSHING, JASON RATHJE and SHAWN RATHJE, d/b/a RPR PARTNERSHIP,**

Appellees.

----------------------------------------------------

**LAYNE PERSHING, JASON RATHJE and SHAWN RATHJE, d/b/a RPR PARTNERSHIP,**

Cross-Appellants,

vs.

**MOORING TAX ASSET GROUP, L.L.C.,**

Cross-Appellee.

_____

Appeal from the Iowa District Court for Clinton County, David H. Sivright, Jr., Judge.

Plaintiff appeals judgment finding his action to set aside a tax sale deed untimely. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

T. Randy Current of Frey, Haufe & Current, P.L.C., Clinton, for appellant Dohrn.

James D. Bruhn of Farwell & Bruhn, Clinton, for cross-appellant RPR Partnership.

Stephen P. Wing of Dwyer & Wing, P.C., Davenport, for appellee Mooring Tax Asset Group.

**STREIT, Justice.**

David Dohrn lost forty acres to a tax sale for failure to pay his real estate taxes. In an action to void the tax deed, he claims the notice of redemption period has not expired because his tenants were not served with notice of redemption. We find the tenants should have been given notice of their right to redemption. Consequently, the tax deed is void and the redemption period remains open. Iowa Code section 448.16 does not bar an action challenging a void tax deed. The district court erred by finding Dohrn's action untimely.

## I. Facts and Prior Proceedings.

David Dohrn filed a claim in equity seeking to void a tax deed for forty acres of farmland and restore title to him. The property was purchased by the Mooring Tax Asset Group at a tax sale conducted by the Clinton County Treasurer on July 19, 2000, for delinquent 1998 second half real estate taxes in the amount of $428, plus interest. Mooring received a certificate of purchase and paid subsequent taxes accruing on the property.

On January 28, 2003, Mooring served a Notice to Redeem from Tax Sale on Dohrn, Wesley Rose, the City of Clinton, and Clinton County. The notice was sent by certified mail with return receipt requested. The notice provided in part, "the right to redemption will expire and a deed for said parcel will be made unless redemption from said tax sale is made within ninety (90) days from the completed service of this Notice." Mooring examined a title report to determine persons shown by public record to have any leasehold or other right of possession in the forty-acre tract.

At the time the notice to redeem was served, Dohrn, age forty-six, owned the forty acres at issue and the property was taxed in his name. The forty acres were part of a 312-acre farm Dohrn inherited from his father

approximately ten years earlier.  In 1996, Dohrn rented most of the tillable portion, approximately 230 acres, to Wesley Rose.  Rose recorded the lease with the Clinton County Recorder on March 15, 1996.  The tillable portion of the forty-acre tract (approximately thirty-five acres) was included in the rental agreement.  Following the 1999 crop year, Dohrn and Rose terminated the lease by mutual agreement.  Neither Dohrn nor Rose recorded a notice of termination.  Dohrn testified he was unaware Rose had recorded the lease.

In 2000 Dohrn leased the same acres to RPR Partnership, which consisted of Layne Pershing, Jason Rathje, and Shawn Rathje.  This lease was never recorded.

On February 7, 2003, Mooring filed an affidavit of service in the office of the Clinton County Treasurer showing the manner and completion of the service of notice to redeem.  No one redeemed the forty acres within the ninety days following the filing of the affidavit of service.  The Clinton County Treasurer issued a tax deed to Mooring on May 20, 2003.  Mooring filed a "120-day affidavit" on June 4, 2003 in the office of the Clinton County Recorder.  The affidavit stated in part:

> Any person claiming any right, title, or interest in or to the parcel adverse to the title or purported title by virtue of the tax deed referred to shall file a claim with the recorder of the county where the parcel is located, *within one hundred twenty days* after the filing of this affidavit, the claim to set forth the nature of the interest, also the time and manner in which the interest claimed was acquired.

(Emphasis added.)  No one filed a claim with the recorder during the 120-day period.  Thereafter, Mooring sold the forty acres to RPR.

At trial, Dohrn said he was an alcoholic.  He has been convicted twice of operating while intoxicated and did not have a driver's license at the time

of trial. Dohrn contended his alcoholism contributed to his failure to pay his real estate taxes.

Dohrn admitted to receiving notices of real estate taxes due from the Clinton County Treasurer. He acknowledged receiving the notice of the right to redeem the property from the tax sale via certified mail and recalled signing the return receipt. He claimed he never opened the envelope.

Melissa Dohrn, Dohrn's daughter, was appointed Dohrn's conservator in part because of this incident. Melissa acknowledged her father understood the nature and extent of his business affairs, but made some "bad choices" because of his alcohol problem.

The district court found Dohrn's action challenging Mooring's tax title untimely and barred by Iowa Code sections 448.15 and 448.16 (1999) (the provisions allowing for a 120-day affidavit). Dohrn appealed. He alleged that because persons in possession of the forty acres were not served notice of the right to redeem, sections 448.15 and 448.16 do not bar his claim. He also claimed title should be restored to him based on general equitable principles. RPR cross appealed, claiming the district court erred by not ordering Mooring to pay its attorney fees and costs incident to defending Dohrn's claims. Additionally RPR requested, in the event we reverse the district court, that we remand this case for further proceedings regarding RPR's cross-claim against Mooring for breach of warranty, breach of contract, and unjust enrichment.

For the reasons that follow, we find the tax deed void and Dohrn's claim timely. Moreover, we find RPR was not entitled to recover its litigation expenses.

**II.     Scope of Review.**

Since this is a case in equity, our review is de novo.  *Burks v. Hedinger*, 167 N.W.2d 650, 652 (Iowa 1969).  We give weight to the district court's findings of fact but we are not bound by them.  *Id.*

**III.     Merits.**

**A.     Mooring was required to give RPR notice of redemption.**

Tax sales are governed by chapter 446 of the Iowa Code.  When a property owner fails to pay his or her taxes, the county treasurer shall sell the property "for the total amount of taxes, interest, fees, and costs due."  Iowa Code § 446.7.  The purchaser receives a "certificate of purchase" from the county treasurer.  *Id.* § 446.29.  The certificate represents an inchoate right or lien and not an interest in the property.  *Patterson v. May*, 239 Iowa 602, 610, 29 N.W.2d 547, 552 (1947).  The property owner has two years to redeem the property by paying the county treasurer the amount for which the property was sold as well as the amount of any taxes the certificate holder may have paid for subsequent years plus two percent per month interest.  Iowa Code § 447.1.  If the property is not redeemed, the certificate holder is entitled to a tax deed.  *Id.* § 448.1.

However, before the county treasurer may issue a tax deed, the certificate holder is required to provide notice of the expiration of the right of redemption to "the person in possession of the parcel" and "the person in whose name the parcel is taxed."  *Id.* § 447.9.  Section 447.9 provides in pertinent part:

> After one year and nine months from the date of sale, . . . the holder of the certificate of purchase may cause to be served *upon the person in possession of the parcel, and also upon the person in whose name the parcel is taxed,* a notice signed by the certificate holder or the certificate holder's agent or attorney, stating the date of sale, the description of the parcel sold, the name of the purchaser, *and that the right of redemption will*

*expire and a deed for the parcel be made unless redemption is made within ninety days from the completed service of the notice.*

(Emphasis added.) The ninety-day period does not begin until "service is complete." *Id.* § 447.12. Once service of notice is completed and ninety days have passed, the county treasurer shall issue a tax deed upon the return of the certificate of purchase. *Id.* § 448.1.

Dohrn contends the time for redemption has not expired because RPR was not served with notice of redemption.[1] Mooring argues it was reasonable for it to rely on the public record and only provide notice to Dohrn and Rose. Moreover, RPR claims it was not necessary for Mooring to serve RPR notice because RPR had "actual notice" of the tax sale and in any event waived its right to notice. Thus, we must first address whether RPR was entitled to notice, and if so, whether the notice requirement may be waived or excused.

Iowa Code section 447.9 requires all persons in possession of the parcel to be served with notice of the expiration of the redemption period. Our case law defines "possession" as "conduct that gives notice to the holder of the certificate of purchase in determining whether a party is in possession." *Pendergast v. Davenport*, 375 N.W.2d 684, 690 (Iowa 1985) (citing *Burks*, 167 N.W.2d at 655). "Frequently, that conduct has been actual entry onto the land or some objectively observable use or care made of the land." *Nelson v. Forbes*, 545 N.W.2d 576, 580 (Iowa Ct. App. 1996) (citing *Jamison v. Knosby*, 423 N.W.2d 2, 5 (Iowa 1988)).

---

[1] Dohrn also claims other persons who either stored personal property on the forty acres or used two to three acres of pasture were also entitled to notice of redemption. *See Pendergast v. Davenport*, 375 N.W.2d 684, 689 (Iowa 1985) (recognizing more than one person may be in possession of the property and entitled to notice of redemption). Because we find failure to serve notice to RPR prevented the redemption period from expiring, we need not determine whether these other persons were entitled to notice.

It is undisputed RPR was in possession of thirty-five of the forty acres when Mooring served notice of redemption on Dohrn and Rose. Mooring concedes this point. *See Callanan v. Raymond*, 75 Iowa 307, 308, 39 N.W. 511, 512 (1888) (person growing corn on farmland entitled to notice of redemption). However, Mooring claims a tax certificate holder need only make a "good faith effort" to identify and serve those persons entitled to notice and "need not actually succeed in having the [persons] receive that notice." In support of this contention, Mooring notes the legislature amended section 447.9 in 1999 so that personal service is no longer required. Instead, "[t]he notice shall be served by both regular mail and certified mail to the person's last known address and such service is deemed completed when the notice by certified mail is deposited in the mail and postmarked for delivery." Iowa Code § 447.9.

We disagree this amendment excuses a tax certificate holder's failure to identify the persons in possession. Our case law makes clear the onus is on the tax certificate holder to identify who is in possession of the property. *See, e.g.*, *Pendergast*, 375 N.W.2d at 691 (holding telephone company who maintained a pay phone on the property entitled to notice); *Burks*, 167 N.W.2d at 654 (maintaining a pile of lumber and some broken down furniture behind an uninhabited home sufficient for possession and entitled to notice); *Thompson v. Chambers*, 229 Iowa 1265, 1272, 296 N.W. 380, 384 (1941) (a neighbor who went every other day to the house in an attempt to exterminate vermin and another neighbor, tenant of the barn on the premises, were both deemed to be in possession and each entitled to notice of redemption); *Sapp v. Walker*, 66 Iowa 497, 498–99, 24 N.W. 13, 14 (1885) (notice required on plaintiff who demonstrated possession of empty city lot by cutting weeds and hauling dirt from the property); *Ellsworth v. Low,*

*Adams & French*, 62 Iowa 178, 179–80, 17 N.W. 450, 451 (1883) (notice required to one removing timber from an uncultivated wood lot). This amendment does not effectively overrule our prior holdings as Mooring alleges. At most, the amendment may permit a court to excuse a certificate holder's failure to *locate* a possessor. We need not determine what due process requires under those circumstances. In the present case, Mooring simply relied on the public record to determine who was entitled to notice. However, we have previously held that alone is not sufficient. *See Pendergast*, 375 N.W.2d at 690 (stating "[o]ne may not presume that the owner is in possession as the possession 'contemplated by the statute is actual, as distinguished from that which the record might show.' " (quoting *Callanan*, 75 Iowa at 309, 39 N.W. at 512)). Moreover, it was not reasonable for Mooring to rely on the lease because it was impossible to determine from the language of the lease whether any of the forty acres was included in the lease agreement. The lease agreement provided the legal description of Dohrn's 312 acres and then stated the lease only pertained to the 230 acres of tillable ground "exclusive of dwelling and buildings." It turns out only thirty-five of the forty acres were tillable and the remaining five acres included buildings and pasture. Dohrn allowed his cousin to use the pasture and Dohrn and others stored personal property in and around the buildings. With the exception of Dohrn, none of these people were given notice of redemption. Had Mooring visited the property, it would have been apparent the lease did not pertain to the entire forty acres.

Mooring contends the terminated lease was its only means to identify who was in possession of the property because it served notice "during the middle of winter" when the land was bare. However, we adhere to our case law which makes clear neither the time of year nor the use of the property is

an excuse for failing to identify who was in possession of the land. *See, e.g.,* *Thompson,* 229 Iowa at 1273, 296 N.W. at 384 (" 'It was not important that the acts indicating possession should be exercised at the season of the year when the deed was to issue. It was only necessary to do such acts as the nature of the particular occupancy required.' " (quoting *Calahan v. Van Sant,* 87 Iowa 593, 596, 54 N.W. 433, 434 (1893))); *Burks,* 167 N.W.2d at 655 ("Actual possession evidently results even if one cannot tell *who* is in possession from an observation of the premises." (Emphasis added.)). Mooring was required to conduct a diligent investigation, which may have required an on-site inspection and even contacting neighbors or others in the community. *See, e.g., Burks,* 167 N.W.2d at 655 ("No reason is apparent why inquiry from the next-door neighbor . . . would not have disclosed this use of the premises was being made by Lorenzo Duke."). Mooring failed to perform an adequate investigation, which would have revealed RPR's leasehold interest.

**B.     Notice may not be waived or excused.** Mooring and RPR argue even if notice to RPR was required, Mooring's failure to provide proper statutory notice is irrelevant because RPR had "actual notice" and also waived notice. RPR learned about the tax sale when Mooring's realtor visited the property in late April or early May 2003. At the time, Lane Pershing (one of the RPR partners) was planting his crop. The realtor asked Pershing if he was Dohrn. Pershing said he was Dohrn's tenant. The realtor explained Dohrn no longer owned the forty acres because Mooring had bought that portion of the farm at a tax sale. A few days later, Shawn Rathje, another RPR partner, offered to pay the amount Dohrn owed for the taxes so that Dorhn could keep the land. The realtor told Rathje it was too late and the land was for sale.

We doubt one can have actual notice if he was unaware of the right to redeem until after such right had expired or was about to expire. In any event, "[w]e have consistently held that the requirement of serving notice of redemption is an absolute, and the statutory provisions as to notice must be strictly complied with before parties are deprived of their property." *Pendergast*, 375 N.W.2d at 691; *see also Burks*, 167 N.W.2d at 655; *Thompson*, 229 Iowa at 1272, 296 N.W. at 384; *Murphy v. Hatter*, 227 Iowa 1286, 1289, 290 N.W. 695, 696 (1940); *Cornoy v. Wetmore*, 92 Iowa 100, 104, 60 N.W. 245, 246 (1894).

> Although the owner has been served with a notice of redemption, he or she may take advantage of the certificate of purchase holder's failure to notify a person in possession. The failure to serve a party in possession prevents the service from becoming complete and the right of redemption does not expire. Even if a court sitting in equity has deemed the compliance with the statute to be substantial and further notice unnecessary, the courts have no authority to dispense with the positive requirements of the statute.

*Pendergast*, 375 N.W.2d at 691 (citations omitted). Therefore, actual notice is not sufficient and RPR may not waive its right to notice. Lack of proper notice to RPR alone is enough to prevent the redemption period from expiring.[2] Under section 448.1, the county treasurer is only authorized to issue a tax sale deed once all of the necessary parties have been served with notice of redemption and at least ninety days have passed. Since RPR has not been served with notice of redemption, the tax sale deed issued to

---

[2]We note the legislature has amended section 447.8 so that "A person shall not be entitled to maintain [an equitable action to redeem the property after a tax deed has been delivered] by claiming that a different person was not properly served with notice of expiration of right of redemption, if the person seeking to maintain the action, or the person's predecessor in interest, if applicable, was properly served with the notice." This amendment took effect on April 19, 2005. It is not applicable to this action because the tax sale took place in 2000. *See* Iowa Code § 447.14 (stating "[t]he law in effect at the time of tax sale governs redemption").

Mooring is void.  *Id.*; *Thompson*, 229 Iowa at 1272, 296 N.W. at 384; *Smith v. Huber*, 224 Iowa 817, 823, 277 N.W. 557, 560 (1938).

    **C.**    **Section 448.16 does not bar Dohrn's claim.**  Mooring claims that even if it did not satisfy the notice of redemption requirements found in Iowa Code section 447.8, Dohrn's action was still untimely and therefore barred under sections 448.15 and 448.16.  After the tax deed is issued by the county treasurer, section 448.15 allows the holder of the deed to file an affidavit with the county recorder which shall describe the property and explain a tax deed was issued.  It shall state:

> Any person claiming any right, title, or interest in or to the parcel adverse to the title or purported title by virtue of the tax deed referred to shall file a claim with the recorder of the county where the parcel is located, within one hundred twenty days after the filing of this affidavit, the claim to set forth the nature of the interest, also the time and manner in which the interest claimed was acquired.

Iowa Code § 448.15.

Section 448.16 states:

> When the affidavit described in section 448.15 is filed it shall be notice to all persons, and any person claiming any right, title, or interest in or to the parcel described adverse to the title or purported title by virtue of the tax deed referred to, shall file a claim with the county recorder of the county in which the parcel is located within one hundred twenty days after the filing of the affidavit, which claim shall set forth the nature of the interest, the time when and the manner in which the interest was acquired.
>
> *At the expiration of the period of one hundred twenty days, if no such claim has been filed, all persons shall thereafter be forever barred and estopped from having or claiming any right, title, or interest in the parcel adverse to the tax title or purported tax title, and no action shall thereafter be brought to recover the parcel,* and the then tax-title owner or owner of the purported tax title shall also have acquired title to the parcel by adverse possession.

(Emphasis added.)

We have previously said Iowa Code section 448.16 is a statute of limitation. *Simeon v. City of Sioux City*, 252 Iowa 779, 785, 108 N.W.2d 506, 509–10 (Iowa 1961); *Modern Heat & Power Co. v. Bishop Steamotor Corp.*, 239 Iowa 1267, 1278, 34 N.W.2d 581, 587 (1948); *Patterson*, 239 Iowa at 613, 29 N.W.2d at 553; *Swanson*, 238 Iowa at 697, 27 N.W.2d at 23. However, this characterization is inaccurate in light of the fact chapter 448 contains a three year statute of limitations. Iowa Code section 448.12, which is entitled "Limitation of actions," states "[a]n action for the recovery of a parcel sold for the nonpayment of taxes shall not be brought after three years from the execution and recording of the county treasurer's deed . . . ." Sections 448.15 and 448.16 simply provide a quick and low-cost alternative to bringing an action to quiet title. After the holder of the tax deed files an affidavit with the county recorder, section 448.16 cuts the amount of time to bring an action adverse to the tax title from three years to 120 days. Thus, it is only fair to require the tax deed holder to have a valid deed before he may use sections 448.15 and 448.16 to cut off another's right in the property. *Larsen v. Cady*, 274 N.W.2d 907, 909 (Iowa 1979) (holding sections 448.15 and 448.16 do not bar an action to set aside a void tax deed); *see also Smith*, 224 Iowa at 826–27, 277 N.W. at 562 (stating because no notice of redemption was given, the tax deed was invalid, the property was subject to redemption, and the five-year bar created by Iowa Code section 7295 (a predecessor to section 448.12) did not apply). To hold otherwise would in some circumstances "deny a potential claimant all opportunity to protest" and violate due process.[3] *Larsen*, 274 N.W.2d at

---

[3]We need not decide for purposes of this appeal whether the mechanism provided by sections 448.15 and 448.16 conforms to due process if the tax deed is valid. However, we do note these sections do not provide the same protections as an action to quiet title. For example, the tax deed holder is not required to serve notice of the 120-day affidavit upon those persons who were entitled to the notice of redemption. Instead, the only notice

909. As we said in *Larsen*, one cannot "make a void deed valid by a self-serving affidavit." *Id.*

In the present case, it is undisputed Mooring filed an affidavit with the county recorder which comported with section 448.15 and no one filed a claim within 120 days. However, we have already determined the tax sale deed issued to Mooring was void because Mooring failed to provide proper notice of redemption to RPR. Therefore, sections 448.15 and 448.16 do not bar Dohrn's action. The district court should have set aside the tax deed issued to Mooring. If the property is not redeemed within ninety days of completed service of notice of redemption, then the county treasurer may properly issue a tax deed.

**D.     RPR is not entitled to attorney fees.** RPR claims the special warranty deed Mooring delivered to RPR entitled RPR to recover its litigation expenses against Mooring (regardless of the outcome of this case). The special warranty deed provided "Grantors do Hereby Covenant with Grantees and successors in interest to Warrant and Defend the real estate against the lawful claims of all persons claiming by, through or under them, except as may be above stated." There were no exceptions to the foregoing warranty language set out in the deed.

Although this case is based on a defect in the tax deed for which Mooring is responsible, we find the district court correctly denied RPR's request for attorney fees and expenses because Mooring adequately protected RPR's interests in this lawsuit. In *Peters v. Lyons*, 168 N.W.2d 759, 769 (Iowa 1969) (quoting Corbin on Contracts), we said:

---

provided is constructive notice via the filing of the affidavit with the county recorder. Moreover, the tax deed holder is not required to take possession of the property before filing the 120-day affidavit. *See* Iowa Code § 448.15.

> If the plaintiff can show that the defendant's breach of contract has caused litigation involving the plaintiff in the payment of counsel fees, court costs, and the amount of a judgment, and *shows further that such expenditure is reasonable in amount and could not have been avoided by him by reasonable and prudent effort*, he can recover damages against the defendant measured by the amount of these expenditures.

(Emphasis added.) RPR's participation in the lawsuit was duplicative of Mooring's efforts and therefore unnecessary. Moreover, RPR never requested Mooring to defend RPR in the action based on the special warranty deed. The district court correctly denied RPR's request for attorney fees.

**IV.  Conclusion**.

The tax deed issued to Mooring was void because RPR, who was in possession of the property, was not properly notified of its right to redemption. Consequently, sections 448.15 and 448.16 do not bar Dohrn's claim. It was error for the district court to hold otherwise. Mooring must start again with its notice of redemption. The district court correctly denied RPR's request for attorney fees. We remand for further proceedings regarding RPR's cross-claim against Mooring for breach of warranty, breach of contract, and unjust enrichment.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**