# IN THE COURT OF APPEALS OF IOWA

No. 13-0590
Filed September 10, 2015

**ADAIR HOLDINGS, L.L.C, a Nebraska Limited
Liability Company,**
    Plaintiff-Appellant,

**vs.**

**MATTHEW THOMAS TRUCKING, L.L.C., and GEORGE THOMAS, et al.,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Marion County, Terry R. Rickers,

Judge.


    A tax sale deed holder appeals the district court's denial of its petition for

the recovery of real property. **REVERSED AND REMANDED.**



    John T. Clendenin and Colin C. Smith of Nyemaster Goode, P.C., Des

Moines, for appellant.

    George Thomas, Pella, and Matthew Thomas Trucking, L.L.C., Pella,

appellees.



    Considered by Vogel, P.J., and Potterfield and Mullins, JJ.  Goodhue, S.J.,

takes no part.

**VOGEL, P.J.**

Adair Holdings, L.L.C. is the tax deed holder of certain property in Marion County. The immediate past title holders were George Thomas and Christine Marie Thomas, husband and wife. The property is currently in the possession of Matthew Thomas Trucking, L.L.C.,[1] under an unrecorded lease agreement with George Thomas. Adair Holdings brought this action under Iowa Code chapter 646 (2011) to obtain possession of the property.[2] The district court denied relief. Adair Holdings now appeals asking that we reverse the district court's decision and find that it is entitled to immediate and unconditional possession of the property.

**I. Background Facts and Proceedings.**

On June 19, 2006, the property in question was sold at a tax sale due to delinquent property taxes. A tax sale certificate was issued to Adam Assets/US Bank. After the expiration of the statutory period of one year and nine months, a notice of the expiration of the right of redemption was sent by ordinary and certified mail to all parties of interest on February 12, 2009, pursuant to Iowa Code section 447.9. Signed certified mail receipts show that on February 14, 2009, Matthew Thomas signed for the certified mail sent to the address of the property in question for the "person in possession" and for George and Christine Thomas. Christine Thomas signed for herself and George Thomas for the notice

---

[1] The lease is between the "Landlord-George Thomas" and "Tenant-Matthew Thomas, Trucking LLC," providing rent would be $100 per month, paid annually, for a five-year term beginning in March 2008, and signed by George Thomas and Matthew K. Thomas.

[2] Iowa Code section 646.24 provides, "When the plaintiff shows that the plaintiff is entitled to the immediate possession of the premises, judgment shall be entered and an execution issued accordingly."

sent to a different address on the same date.[3]  Adam Assets/US Bank assigned its interest in the tax sale certificate to Adair Holdings on June 10, 2009.  When no one redeemed the property within the statutory ninety days, the Marion County Treasurer's office issued a tax sale deed to Adair Holdings on June 12, 2009.  *See* Iowa Code § 448.1.  This deed was recorded on June 15, 2009.

A few days later on June 23, 2009, Adair Holdings filed a 120-day affidavit with the county recorder's office.  *See* Iowa Code § 448.15.  In response, Matthew K. Thomas recorded an affidavit on September 15, 2009, in which he asserted he was the manager of Matthew Thomas Trucking, L.L.C., and had been in possession of the parcel in question since March 2008 under a lease agreement with George and Christine Thomas.  Matthew Thomas took no further action on his claim.[4]

Thereafter, Adair Holdings filed suit on September 17, 2009, against George Thomas, Christine Thomas, and Person in Possession, asking the court to declare it to be the absolute owner in fee simple of the property and that it be placed in peaceful possession of the property.  The case proceeded to trial in May 2010, and in June, the court issued its ruling finding both George Thomas and Matthew Thomas on behalf of Matthew Thomas Trucking, L.L.C., admitted to receiving the Notice of Expiration of Right of Redemption.  The court concluded Adair Holdings purchased the property at a tax sale, it met all requirements for serving the Notice of Right of Redemption, and the defendants failed to redeem

---

[3] Notice of the expiration of the right of redemption was also published in the local newspaper on February 20, 2009.

[4] *See* Iowa Code § 448.16(3) (requiring those filing claims in response to the 120-day affidavit to commence an action within sixty days or the claim is forfeited and canceled).

the property.[5]   However, Adair Holdings's claim was denied because a prerequisite for filing the 120-day affidavit is to be in possession of the property.[6] Because Adair Holdings had never been in possession of the property in question, it was not entitled to a determination at that time that the validity of the tax title was conclusively established as a matter of law under section 448.16.[7] The court noted, "Adverse claims may still be allowed except as limited by Iowa Code [section] 448.12."[8]

Adair Holdings then filed a forcible entry and detainer complaint against Matthew Thomas Trucking, L.L.C., in September 2010.  Because of a lack of evidence to support a finding that an adequate three-day notice to quit was served on Matthew Thomas Trucking, L.L.C., the action was dismissed on March 11, 2011.[9]  Neither of these two prior court decisions was appealed.

Adair Holdings then filed this action in December 2011 pursuant to Iowa Code chapter 646, against George Thomas, Matthew Thomas Trucking, L.L.C.,

---

[5] The court also specifically concluded the claims made by the defendants—that US Bank's agent was not authorized to act on behalf of US Bank in sending out the Notice of Right of Redemption and that Adair Holdings breached a contract with George Thomas—had no merit.

[6] Iowa Code section 448.15(1) provides, in part:

> *After taking possession of the parcel*, after the issuance and recording of a tax deed or an instrument purporting to be a tax deed issued by a county treasurer of this state, the then owner or holder of the title or purported title may file with the county recorder of the county in which the parcel is located an affidavit . . . .

(Emphasis added.)

[7] Iowa Code section 448.16 provides that the 120-day affidavit shall be notice to all persons claiming any right, title, or interest in the parcel described that they must file a claim with the county recorder's office setting forth the nature and acquisition of the interest claimed.

[8] Iowa Code section 448.12 provides, "An action under section 447.8 or 448.6 or for the recovery of a parcel sold for the nonpayment of taxes shall not be brought after three years from the execution and recording of the county treasurer's deed."

[9] The court also noted that under notice pleadings the action could have been considered an ordinary action for recovery of real property under chapter 646, but no abstract of title was attached as required by that chapter.

and any person in possession asking that it be put into possession of the parcel; that the court issue an execution for those in possession to be removed within three days of the judgment entry; and that it be awarded costs of the action and such other relief as the court deemed just. This matter proceeded to a bench trial on March 12, 2013, and the court issued its decision the same day. The court noted the rulings in the two previous actions and concluded none of the evidence submitted by Adair Holdings contained new information that was not available at the time of the prior rulings. The court found the abstract of title that was included as an exhibit in this proceeding did nothing to negate the infirmities that had caused the court to dismiss the prior two actions. The court concluded Adair Holdings had still not established the validity of its tax deed as a matter of law and dismissed the action. Adair now appeals that ruling, and neither Matthew Thomas Trucking, L.L.C., nor George Thomas filed a brief in this appeal.[10]

## II. Scope and Standard of Review.

As this action was tried at law in the district court, our review is for correction of errors at law. *See* Iowa R. App. P. 6.907.

## III. Tax Deed.

On appeal, Adair Holdings asserts the district court erred in dismissing its case because it is entitled to possession of the property in light of the expiration

---

[10] *See White v. Harper*, 807 N.W.2d 289, 292 (Iowa Ct. App. 2011) ("When the appellee fails to file a brief, we 'handle the matter in a manner most consonant with justice and [our] own convenience.' . . . [W]e will not search the record for a theory to uphold the decision of the district court, but will 'confine [ourselves] to the objections raised by the appellant.' In addition, we will not go beyond the ruling of the trial court in searching for a theory upon which to affirm its decision." (internal citations omitted)).

of the statute of limitations for actions challenging its tax deed. Because neither Matthew Thomas Trucking, L.L.C., nor George Thomas brought an action to recover the property within three years of the recording of the tax deed, Adair Holdings claims the validity of its tax deed is now conclusively established as a matter of law and it is entitled to possession of the parcel. It claims that the failure of the earlier actions to place it in possession of the property have no preclusive effect on the current case as those actions were based on other code provisions.

Iowa Code section 448.5 provides a tax deed "shall be conclusive evidence . . . that all things required by law to make a good and valid sale and to vest the title in the purchaser were done." The tax deed vests "in the purchaser all the right, title, interest, and claim of the state and county to the parcel, and all the right, title, interest, and estate of the former owner in and to the parcel conveyed." Iowa Code § 448.3. The deed can be challenged as provided in section 448.6;[11] however, such an action must be brought within three years after the recording of the tax deed. *See id.* § 448.12.

It was previously determined that Adair Holdings met all requirements of sections 447.9 and 447.12 in serving and completing the notice of the right of

---

[11] Iowa Code section 448.6(4) provides a person seeking to invalidate a tax deed must prove any of the following:

> a. That the parcel was not subject to taxes for the year or years named in the deed.
> b. That the taxes had been paid before the sale.
> c. That the parcel had been redeemed from the sale and that the redemption was made for the use and benefit of persons having the right of redemption.
> d. That there had been an entire omission to list or assess the parcel, or to levy the taxes, or to give notice of the sale, or to sell the parcel.

redemption on Matthew Thomas Trucking, L.L.C., (as Person in Possession), George Thomas, and Christine Thomas. It is also undisputed that they failed to redeem the property, and the county issued the tax deed accordingly. *See id.* § 448.1. In the three years following the recording of the tax deed, no one has brought an action to invalidate the tax deed. While the three-year statute of limitations had not run at the time Adair Holdings filed the current action in December 2011, it had run by the time the case went to trial on March 12, 2013. Therefore, all potential adverse claims against the tax deed were, as of the time of trial in this case, forever barred from seeking to invalidate Adair Holdings's tax deed to the parcel in question. *See id.* § 448.12.

Adair Holdings filed an affidavit that complied with the language in section 448.15 in 2009, and if it were successful, that notice would have shortened the three-year statute of limitations to 120 days pursuant to section 448.16. While this course of action was admittedly in error and ultimately unsuccessful, that should not have precluded a finding at the time of trial in 2013 that the tax deed was established as a matter of law because the three-year statute of limitations had then run. *See Dohrn v. Mooring Tax Asset Grp., L.L.C.*, 743 N.W.2d 857, 864 (Iowa 2008) (noting the 120-day affidavit procedure "simply provide[s] a quick and low-cost alternative to bringing an action to quiet title." And "[a]fter the holder of the tax deed files an affidavit with the county recorder, section 448.16 cuts the amount of time to bring an action adverse to the tax title from three years to 120 days").

We conclude the running of the three-year statute of limitations entitles Adair Holdings to a determination from the court that it has a valid tax deed to

the parcel in question as a matter of law. We reverse the district court's decision and remand for entry of a judgment and for further proceedings under chapter 646 consistent with this opinion.

**REVERSED AND REMANDED.**