C. H. FOY, Appellee, v. MERRITT HOUSTMAN, CLARA HOUSTMAN, E. A. LAZENBY, Appellees, and GEORGE WILSON, Trustee, Appellant.

**Taxation:** REDEMPTION: NOTICE. An owner in possession of real property is entitled to notice of the expiration of the period of redemption from tax sale, and failure to give such notice will vitiate a tax deed.

**Same.** A resident owner of unoccupied lots is only required to show such acts of possession or control over the same as are usually exercised by resident owners of like property to entitle him to notice of expiration of the period of redemption from a tax sale.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

Thursday, May 4, 1905.

Action in equity to foreclose mortgage.  Cross-petition by defendant Wilson to quiet title in him under a tax deed. Decree for plaintiff, and Wilson appeals.— *Affirmed.*

*George W. Wilson,* for appellant.

*E. C. Barber* and *Jamison & Smyth,* for appellees.

Weaver, J.— The plaintiff, Foy, conveyed the lots in controversy to Merritt Houstman taking from the latter a purchase-money mortgage, which he seeks to foreclose in this action.   Houstman in turn conveyed the lots to Lazenby, who thereafter conveyed them to Houstman.   The lots were sold for delinquent taxes for the year 1898, and Wilson claims to have become the assignee of the certificate of sale, and thereafter to have received a treasurer's deed.   The trial court found the tax deed to be void, decreed a foreclosure of plaintiff's mortgage, and permitted Houstman to redeem from the sale under which said deed was made. The record is incumbered by numerous pleadings, and obscured by disputes over the record presented to this court.   The questions of practice thus presented are of no general importance, and we shall not here discuss them.

After examining the multiplied abstracts in the light of the transcript which has been furnished, we are disposed to hold, against the contention of the appellant, that the pleadings are broad enough to justify the relief granted, and that the decree is fairly sustained by the testimony.

In our judgment, the tax deed was void or voidable for want of proper showing of notice; and, such being the case, it is not material that we consider other questions argued. No notice of the expiration of the period of redemption was served upon Lazenby, who was then the owner of the lots and a resident of the city.   He owned them during the year

1902, and at the time when Wilson served, or claims to have served, notice of expiration on certain other persons; and, if he was in such possession as entitled him to notice, it is obvious that the right of redemption was not cut off by the treasurer's deed. *Ellsworth v. Low,* 62 Iowa, 178. The lots were vacant — that is, they were not improved or occupied with buildings of any kind — and in order for the owner to be in possession, within the meaning of the law respecting the service of notice of expiration, he was not required to show any other acts of possession or control than such as are usually exercised by resident owners having title to property of that kind. *Ellsworth v. Low, supra.* The evidence tends to show that Lazenby lived in the same city, exercised personal supervision over the lots, had his agents post notices thereon offering them for sale, kept the sidewalk in front cleared from snow, and, in consideration of service in keeping down the weeds, permitted a neighbor to use a portion of the premises as a vegetable garden. To allow a tax purchaser to ignore such ownership and possession as this, and obtain a title by serving notice upon strangers, would open the door to the most inequitable results. In addition to the precedent last above cited, see, also, directly in point, *Sapp v. Walker,* 66 Iowa, 497; *Buck v. Holt,* 74 Iowa, 294; *Cahalan v. Van Sant,* 87 Iowa, 593.

We hold, therefore, that the tax deed was issued upon insufficient notice, and is of no validity against the right of redemption in plaintiff or in Houstman, the grantee of Lazenby. It is therefore ordered that the decree of the district court be affirmed, with leave to plaintiff and to the defendant Houstman to make redemption from the tax sale at any time within thirty days from the filing of this opinion. Appellant's motion to strike appellee's amended abstract and appellant's second amended abstract are each overruled. The costs of this court will be taxed to the appellant.— *Affirmed.*