VICKER, by guardian *ad litem,* Appellant, vs. BYRNE and
wife, Respondents.

*September 19, 1913—January 13, 1914.*

*Tax titles: Occupancy by original owner: Licensee as agent: Action
to bar owner: Defenses: Deposit of taxes, etc.: Extension of
time: Terms.*

1. A licensee having no estate or interest in land and yet in law-
ful occupancy thereof by permission of the owner occupies in
the right of the owner as his agent for the purpose of occupa-
tion only.
2. Open and obvious occupancy of a tract of land, under an oral
license from the owner (the defendant), for the purpose of
hauling logs in large quantities across it and banking them
upon a creek running through the tract, was "actual occupancy
or possession of the defendant, his agent or tenant," within
the meaning of sec. 1200, Stats.
3. In an action by the grantee in a tax deed to bar the original
owner, although defendant did not at the time of filing his
answer make the deposit required by sec. 1200, Stats., the time
within which such deposit should be made might, under sec.
2831, Stats., be extended by the court; but such extension
should be conditioned upon payment of plaintiff's costs and
disbursements up to that time, thus giving plaintiff an oppor-
tunity to accept the tender and discontinue his suit.

APPEAL from a judgment of the circuit court for Oneida
county: A. H. REID, Circuit Judge. *Affirmed in part; re-
versed in part.*

The appellant, grantee in a tax deed executed May 18,
1909, upon tax certificates issued in 1906 for delinquent
taxes of 1905 and conveying the northwest quarter of the
northwest quarter and the southeast quarter of the northwest
quarter of section 25, township 40 north, of range 2 west,
brought this action to bar the original owner, making the
wife of the latter a codefendant. Application for the tax
deed and an affidavit of nonoccupancy were made on May 18,
1909, as required by sec. 1175, Stats. Respondents an-
swered to the effect that no notice of application for a tax
deed was given and that said lands were occupied at the

time the affidavit of nonoccupancy upon which the tax deed issued was filed and had been so occupied during the six months immediately preceding the date of application for said tax deed for a period of more than thirty days by the respondent named, who was then the owner of said land, and that said lands were sold for an unjust and illegal sum in addition to the amount actually levied and assessed against said lands and in excess of the lawful and proper amount due the county at the time of the sale.      Respondents did not at the time of filing this answer deposit with the clerk of the court for the use of the appellant the sum for which the lands were sold with interest, etc., as required by sec. 1200, Stats. Testimony was taken before a referee relative to the occupancy of the land in question and to the alleged illegal excess.      Upon argument before the court, where it was objected that the deposit was not made, the trial court, upon the application of respondents, made an order extending the time within which such deposit should be made; and the deposit was made.

The trial court found that one McCormick, a logger, occupied said land in his logging operations by oral permission of the respondent; that these operations involved open and obvious possession of the northwest quarter of the northwest quarter from the fall of 1908 to the spring of 1909, and were such that any person going upon said forty-acre tract during that time could readily observe them; that the possession and use of said land so had and made was substantially the only use and possession thereof practicable excepting possession accompanied by cutting the timber.      No finding of occupancy was made as to the other forty-acre tract involved, but it was found that this tract was sold for an illegal excess of $1.06 and that the tax deed was invalid as to both tracts. Judgment on the findings was entered dismissing the plaintiff's complaint with costs, taxed at $465.88.      No terms were imposed upon the respondents upon granting their ap-

plication at the trial to make the deposit required by sec. 1200, Stats.

Many errors are assigned by appellant, but they may be summed up as follows: (1) There was no sufficient proof of occupancy to entitle the respondents to notice of the application for the tax deed under sec. 1175. (2) Respondents having failed to make the tender and deposit required by sec. 1200, Stats., at the time of pleading, were precluded from attacking the tax deed on account of the illegal excess in the taxes for which the land was sold, and the circuit court had no discretion to extend the time within which to make this tender; or, if it had such discretion, there was an abuse of discretion in not requiring payment of appellant's costs up to the time of such tender.

For the appellant the cause was submitted on the briefs of *Holland & Lovett.*

*William F. Shea,* for the respondents.

The following opinion was filed October 7, 1913:

TIMLIN, J. 1. There is no necessary conflict between secs. 1175 and 1200, Stats. The former forbids the issue of a tax deed except after written notice has been served on the owner or occupant in any case where the land shall have been in the actual occupancy or possession of any person other than the owner and holder of the certificate of such tax sale or some person claiming under him, for the period of thirty days or more, at any time within the six months immediately preceding the time when the tax deed upon such sale shall be applied for. Tax deeds issued contrary to this interdict are of course void. Sec. 1200 relates to defenses against tax deeds which may be made without tender of the taxes due, interest, subsequent taxes, etc. The right to attack a tax deed without such tender for lack of the notice required by sec. 1175 is there limited to cases in which "lands described in the complaint or some part thereof were in the

actual occupancy or possession of the defendant, his agent or tenant, or of some other person through whom he claims title for the period of thirty days or more at some time within six months immediately preceding the expiration of redemption or the six months immediately preceding the time when the deed or deeds mentioned in the complaint were taken."

What is meant by the words "immediately preceding the expiration of redemption" is somewhat uncertain. Sec. 1165. But it is not necessary to construe this clause in the instant case. It appears with sufficient clearness to uphold the finding of the circuit court that the northwest quarter of the northwest quarter was for a period of more than thirty days and within the six months next preceding the application for this tax deed occupied by a licensee of the respondents for the purpose of hauling across and banking on the Butternut creek, which runs through the tract last mentioned, saw logs in large quantities. Some of these were in the creek and some in rollways on the bank. There were three small rollways and seven or eight high rollways and the creek was full of logs. The person engaged in hauling and depositing these logs asked and obtained from the respondent permission so to do. It is argued that because sec. 1200 specifies actual occupancy or possession of the defendant, his agent or tenant, occupancy by a licensee will not suffice. The occupancy by a licensee may and often is of a very temporary character, but it also may be in some cases for rather notorious and continuous purposes, such as maintaining a building or other residence thereon, cutting timber, skidding and hauling it, or, as in the case at bar, using the land as a wharf or landing place for forest products in that navigation which has been recognized and upheld by the laws of this state and consists of driving or floating logs down stream to market or to the place of manufacture. The fundamental distinction between a tenancy and a license of this character is that the license gives no estate or interest

in the land to the licensee and may rest in parol, yet is valid until revoked by the licensor. A license of this kind to occupy real estate borders very closely upon a tenancy at will, but it is not identical. A licensee having no estate or interest in the land and yet in lawful occupancy thereof by permission of the owner, is in substance occupying in the right of the owner as agent of the owner for the purpose of occupation only. This would seem quite clear upon principle. His agency does not extend beyond the mere occupation unless there is something more in the authorization by the owner than mere authority to occupy, as there was in *Rockport v. Rockport G. Co.* 177 Mass. 246, 58 N. E. 1017, 51 L. R. A. 779.

"A license in relation to land is a bare authority to do some act or series of acts upon the land of another without possessing any estate therein." *Hazelton v. Putnam,* 3 Pin. 107. Accordingly we find in *Wing v. Hall,* 47 Vt. 182, 220, where the question arose with reference to interruption of adverse possession by the entry of a licensee of the defendant's grantor, the court said:

"A compliance with the plaintiff's fifth request would have excluded those claiming under the Perkins title from the benefits of the acts done by Richardson, although done under a license from Page, and this would have been error. The acts done by Richardson, if done under a license from Page, are to be considered the same as if they had been done by Page; and such acts would inure to the benefit of the party holding the title under which Page took possession."

Occupation of the visible and noteworthy character here described by the licensee was occupation by the defendant within the meaning of sec. 1200, Stats.

2. But the learned circuit court erred as to the remaining forty-acre tract in allowing the defendant to have the advantage of a tender and deposit, by order extending the time within which to make the same, without imposing costs upon said defendants as a condition of granting such favor. It

is contended by the appellant that the court was without power to extend the time fixed by sec. 1200, *supra.* We cannot agree with this. Power is expressly given by statute to extend the time within which any proceeding in an action may be taken except the time for appealing from a judgment or order. Sec. 2831, Stats. This, however, must be done upon such terms as may be just, and where the extension of time will operate to permit an act or defense not theretofore done or pleaded which will absolutely defeat the plaintiff's action, justice would ordinarily require that the plaintiff's costs and disbursements, so far as this second forty-acre tract is concerned, should be paid up to that time, thus giving the plaintiff an opportunity to accept the tender and discontinue his suit.

*By the Court.*—Judgment is affirmed as to the northwest quarter of the northwest quarter and reversed as to the southeast quarter of the northwest quarter, and as to the latter tract the cause is remanded for further proceedings in accordance with this opinion, the appellant to recover costs in this court.

A motion for a rehearing was denied, with $25 costs, on January 13, 1914.