No. 14,697.

TAYLOR *v.* LUTIN.

(102 P. [2d] 484)

Decided April 29, 1940.

Mr. JOHN H. MARSALIS, for plaintiff in error.

Mr. V. G. SEAVY, for defendant in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

The parties appear respectively in the same order as in the lower court and for convenience they will be designated as plaintiff and defendant. Plaintiff instituted an action in the district court of Pueblo county to quiet title to a section of land. He alleged his possession and ownership of the same in fee simple. Judgment was for defendant, which plaintiff brings here for review by writ of error.

In 1928 the said property was assessed, one undivided one-half interest to C. E. Tower and Etta A. Tower and the other undivided one-half interest to F. F. Fraser and Leafy T. Fraser. Each of said half interests was assessed at more than $100.00. The respective owners conveyed their interests, by warranty deed dated November 24, 1928, to Fred Koesel and Bertha Koesel, who on June 5, 1931, deeded the property to Charles W. Hill. Hill by quitclaim deed dated July 7, 1937, conveyed to plaintiff Taylor. At the tax sale of December 9, 1929, the property was sold for taxes to C. E. Gideon who assigned his certificate of purchase on December 30, 1929, to defendant. Defendant applied for tax deeds August 11, 1932, and received and recorded them December 30, 1932.

Plaintiff Taylor, grantee in the quitclaim deed from Hill, went into possession of said property December 20, 1937, and filed this action to quiet title December 29, 1937. In his complaint he alleged that the tax deeds were void and asked to have them cancelled on several grounds. All alleged grounds of invalidity are presented here under appropriate assignments of error. In the view we take of the case only one, which is decisive of the controversy, need be considered, namely, that during the period of not more than five nor less than three months prior to the issuance of the tax deeds, said prop-

erty was in the actual possession or occupancy of E. E. Graves, Joe Hull, and Dunham Guild, the latter two persons being sublessees of Graves, and that said persons were not served with notice personally or by registered mail as required by section 255, chapter 142, '35 C.S.A. Defendant admits that no notice was served, but denies that said persons were in the actual possession or occupancy of the property.

Several neighbors of Graves knew he was a tenant on the place during 1932 and so testified. Taking the record as a whole there can be no doubt that Graves conducted some farming operations upon, and that he had a right to the use and occupancy of, the property for farming and grazing purposes from March, 1932, to March, 1933. The lease itself, a copy of which is in evidence, specified that the land was leased for farming and grazing purposes.

Saturday, September 3, 1933, Elsie Johnson, a deputy treasurer, in company with defendant, went out to the land for the purpose of serving the statutory notice on any person or persons who might be in possession and occupancy of the property. She testified that she saw one horse or some animal on the place and a small patch of maize. At the time she and defendant were leaving, a man came by on horseback and they asked him who had possession of the place and he stated that he did not know. They called at the Graves place but found no one at home. No inquiries were made of any other neighbors in the vicinity. The defendant, in the spring of 1933 after she had received the tax deeds, visited the premises. On the witness stand she was asked with reference to this visit: "And who did you find on the place when you went out?" Answering she said, "Well, I inquired around there of several of the neighbors. I started in on the Beulah road as I went along, and they told me who the people were on the place, and I went around there to the rock house where Elton Graves [elsewhere in the testimony identified as E. E. Graves] was, and he

said he was on the place, and he said he was leasing from Mrs. Koesel. I saw the letter." It appears in evidence that Mr. Koesel had died during the month of November, 1932. In answer to the question propounded to defendant, "Did they advise you how long they had had the lease?" she answered, "They had only had it one year, because Ropers had it; Ropers had it in 1928, 1929, 1930 and 1931, and Graves only held the lease in 1932." She was asked the further question, "But he had the lease in 1932?" and answered, "Yes sir. That is he had the occupancy of the land, I guess." We think the foregoing testimony by the defendant herself, which is consistent with that of the neighbors of Graves, falls but little short, if at all, of making a case for plaintiff, grounded on the invalidity of the tax deed for failure to give the prescribed statutory notice to the possessor or occupant of the premises.

The court apparently placed some reliance on the fact that it was not clear that any acts of dominion were exercised by the occupants over the property during the time notice was required to be given preceding the issuance of the tax deed, but this fact has no controlling effect on the matter of possession or occupancy. Graves had a right of dominion over it and he was not obligated to affirm that right by exercising it continuously unless he saw fit to do so.

The conclusion of the court that Graves, Hull, and Guild were not in actual possession or occupancy of the property during the statutory period for the service of notice is not supported by the court's own findings nor by the testimony in the record.

The rule of law here applicable is correctly stated in the syllabus of *Brown v. Davis,* 103 Colo. 110, 83 P. (2d) 326, as follows: "The requirement of section 255, chapter 142, '35 C.S.A., of notice to the person in actual possession of property sold for taxes before a tax deed shall be issued for the same is jurisdictional, and a tenant occupying such premises must be served with no-

tice." In this case a number of pertinent decisions from other jurisdictions are cited, to which may be added: *Sapp v. Walker,* 66 Ia. 497, 24 N.W. 13; *Foy v. Houstman,* 128 Ia. 220, 103 N.W. 369; *Vicker v. Byrne,* 155 Wis. 281, 143 N.W. 186; *Wallace v. Sache,* 106 Minn. 123, 118 N.W. 360.

For the reasons given we are of the opinion that the tax deeds were void. The judgment accordingly is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE FRANCIS E. BOUCK dissents.

MR. CHIEF JUSTICE HILLIARD not participating.