COURT OF APPEALS
DECISION
DATED AND FILED

December 30, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2234**

STATE OF WISCONSIN

Cir. Ct. No. **2018CV25**

IN COURT OF APPEALS
DISTRICT IV

---

PENNY POWELL AND JERRY RICHARDSON,

PLAINTIFFS-RESPONDENTS,

V.

GREGORY E. PATTEN, JOAN KINCAID AND LAKE JOY CAMPGROUND, LLC,

DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for Lafayette County: DUANE M. JORGENSON, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Gregory Patten, Joan Kincaid, and Lake Joy Campground, LLC, appeal a circuit court order awarding damages to Penny

Powell and Jerry Richardson.[1]  Lake Joy argues that the circuit court erred by determining that:  (1) the parties' contract for a seasonal campsite at Lake Joy Campground was a lease; and (2) Lake Joy breached the contract.  For the reasons set forth in this opinion, we reject Lake Joy's arguments and affirm.

¶2      Powell sued Lake Joy for breach of the parties' 2017 contract for a seasonal campsite at Lake Joy Campground.  After a four-day trial to the court, the circuit court made the following factual findings.  Powell had annual contracts for a seasonal site at Lake Joy Campground beginning in 1997 and continuing to 2017.  Powell made significant improvements to site 98 at Lake Joy Campground that reflected a long history of occupancy, which included building an attached room and deck onto her camper, as well as a brick patio and a storage shed on the site.  Based on Powell's long occupancy of site 98 and the nature of the improvements to site 98 over the years, Powell's use of the site was as a summer residence.  The court determined that, based on those facts, Lake Joy and Powell's 2017 campground contract was a residential lease.

¶3      The court further found the following.  Powell provided Lake Joy notice in May 2017 that she intended to remove her old trailer from site 98 and install a new one.  Lake Joy approved the removal of the old camper and replacement with a new and larger camper.  Powell relied on Lake Joy's approval to purchase a new camper to be installed on site 98.  However, Lake Joy was then displeased with the timing and manner in which the old camper was removed and therefore:  revoked its permission for Powell to bring in her new camper; informed the seller of Powell's new camper that the placement of the new camper was on

---

[1] We refer to the appellants collectively as "Lake Joy," and the respondents collectively as "Powell."

hold; disconnected electricity to site 98; and parked a van on site 98 to prevent placement of Powell's new camper. Additionally, Powell's subsequent efforts to obtain approval to bring her new camper to her site were unsuccessful. The circuit court determined that those facts established that Lake Joy breached the contract between the parties by constructively evicting Powell from her site. The court awarded damages to Powell flowing from Lake Joy's breach of the lease. Lake Joy appeals.

¶4      When reviewing the circuit court's findings as the trier of fact, we apply a highly deferential standard of review. *Jacobson v. American Tool Cos., Inc.*, 222 Wis. 2d 384, 389, 588 N.W.2d 67 (Ct. App. 1998). We will not set aside the court's factual findings unless those findings are clearly erroneous. *Id.* at 389-90. "Furthermore, the fact finder's determination and judgment will not be disturbed if more than one inference can be drawn from the evidence." *Id.* at 389. When, as here, the circuit court acts as the finder of fact, it is the ultimate arbiter of credibility. *Village of Big Bend v. Anderson*, 103 Wis. 2d 403, 410, 308 N.W.2d 887 (Ct. App. 1981). Interpretation of a contract is a question of law that we review independently. *Jones v. Jenkins*, 88 Wis. 2d 712, 722, 277 N.W.2d 815 (1979).

¶5      Lake Joy contends that the circuit court erred by awarding Powell remedies that flowed from breach of a lease because, for the reasons we next summarize, Lake Joy's contract with Powell was not a lease.

¶6      First, Lake Joy argues that the contract could not have been a lease because campgrounds are places of lodging, not real estate. It contends that

Wisconsin law recognizes campgrounds as lodging, not residential housing. *See, e.g.*, WIS. STAT. § 106.52(1)(d)4. (2017-18)[2] (including "campground" in the definition of "[l]odging establishment"); WIS. ADMIN. CODE § ATCP 79.03(3) (Nov. 2020)[3] (defining a "[c]ampground" as "a parcel or tract of land … for the purpose of providing campsites … for temporary overnight sleeping accommodations"). Lake Joy asserts that campgrounds are places of transient occupancy, akin to hotels and motels, and that the nature of a campground as a lodging establishment requires campground owners to have the ability to remove guests without resorting to judicial process.

¶7      Second, Lake Joy contends that its contract with Powell granted Powell a license as opposed to a tenancy and that the contract did not meet the substantive requirements for a lease. It contends that leases surrender control of the premises to the tenant, such that tenants are free to use the property during the term of the lease subject to any restrictions in the lease. Lake Joy argues that the rights granted to Powell were akin to those granted to licensees when shopping at a store or attending a movie. It contends that the contract did not grant Powell any interest in the land but, rather, only allowed Powell to stay at the campground for up to seventy days in a season. *See, e.g.*, **Vicker v. Byrne**, 155 Wis. 281, 143 N.W. 186, 188 (1913) (explaining that a license, unlike a tenancy, creates no interest in the land).

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3] All references to the Wisconsin Administrative Code are to the November 2020 Register unless otherwise noted.

¶8      Third, Lake Joy contends that the unambiguous language of the contract controls and dictates that the contract was not a lease.[4]  *See Tufail v. Midwest Hosp., LLC*, 2013 WI 62, ¶72, 348 Wis. 2d 631, 833 N.W.2d 586 (explaining that, if contract language is unambiguous, that language is controlling).  It argues that the 2017 contract changed the label of "lease" used in previous years to "contract."  It contends that that the plain language of the contract provided that Lake Joy could terminate the contract at any time without specifying that written notice was required, and required seasonal guests to obey campground rules and abide by Lake Joy's interpretation of the contract.  Lake Joy argues that the circuit court disregarded the plain language of the agreement to conclude that the contract was a lease and Lake Joy was required to provide written notice of a breach and then follow the judicial process for eviction.  It argues that there could be no constructive eviction because there was no lease.

¶9      Fourth, Lake Joy contends that, even if the contract were a lease, Lake Joy did not constructively evict Powell.  *See First Wis. Tr. Co. v. L. Wiemann Co.*, 93 Wis. 2d 258, 269, 286 N.W.2d 360 (1980) (constructive eviction is interference with tenant's rights to full use and enjoyment of the premises for a substantial period of time).  It argues that the circuit court relied on two facts—that Lake Joy disconnected power to Powell's site and parked a van on the site to prevent Powell from putting her new camper on the site—that were both

---

[4] Lake Joy also contends that the circuit court erred by finding that the contract was a contract of adhesion and construing the contract against Lake Joy as the drafter.  It then contends that, even if the contract were a contract of adhesion, it was not unconscionable.  Because we conclude that the circuit court's factual findings supported its determination that the contract was a lease and that Lake Joy breached the lease, we need not reach whether the contract was a contract of adhesion.  *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (explaining that if a decision on one point disposes of the appeal, the court will not decide other issues raised).

reasonable actions by Lake Joy under the circumstances and did not prevent Powell from accessing the site. It also contends that Powell could have communicated with Lake Joy to discuss placing her new camper and having the power restored.

¶10 Fifth, Lake Joy argues that residential rental trade practices regulations do not apply to campgrounds. It cites WIS. ADMIN. CODE § ATCP 134.01(4) as setting forth the scope of the regulations and excluding from its scope "[a] dwelling unit, such as a dwelling unit in a hotel, motel or boarding house, that is being rented only by tourist or transient occupants." Lake Joy argues that Powell's seasonal campsite was not a "residence" and, thus, was not governed by the administrative rules for residential rentals. It also argues that, because WIS. ADMIN. CODE § ATCP 79 regulates campgrounds, it is unreasonable to conclude that WIS. ADMIN. CODE § ATCP 134 applies to campgrounds as well.

¶11 Finally, Lake Joy contends that it did not breach the contract in any way. It contends that the contract was never completed because Lake Joy refused to accept Powell's offer to pay the second half of the annual fee in June 2017. Lake Joy also argues that, under the contract, it had the right to cancel the contract at any time for violation of the contract. It contends that Powell removed her old trailer from her campsite without permission and outside designated work hours, contrary to the contract. It contends that the circuit court's determination that Lake Joy breached its duty of good faith and fair dealing by preventing Powell from placing her new camper on her campsite was clearly erroneous because the court ignored Powell's actions contrary to the contract that justified Lake Joy's actions. *See **Metropolitan Ventures, LLC v. GEA Assocs.***, 2006 WI 71, ¶35, 291 Wis. 2d 393, 717 N.W.2d 58 (stating parties to a contract owe each other duty of good faith and fair dealing).

6

¶12 Powell responds that the contract and the course of dealing between the parties created a landlord-tenant relationship. She contends that a lease was created when she signed the 2017 contract and paid the first half of the annual fee on April 21, 2017, for occupancy of site 98 from April 21, 2017 to April 19, 2018, including at least seventy overnight stays. Powell argues that Lake Joy surrendered site 98 to her and she was free to use the site consistent with the terms of the agreement, creating a landlord-tenant relationship. Powell disputes Lake Joy's contention that her relationship with Lake Joy Campground was akin to a licensee, pointing to her right to install permanent structures on her site as differentiating her from shoppers or movie-goers, or overnight campers under WIS. ADMIN. CODE § ATCP 79.11(1).

¶13 Powell also contends that WIS. ADMIN. CODE § 134.01 does not specifically exclude campgrounds from its coverage. She cites WIS. ADMIN. CODE § 134.02(14) as defining "[t]ourist or transient occupant[]" as a "person[] who occup[ies] a dwelling unit for less than 60 days while traveling away from [his or her] permanent place of residence." Powell contends that she stayed at site 98 at Lake Joy Campground sixty to seventy days per year, and that her camper and attached structures occupied the site all year every year under her annual contracts. She argues that she was therefore not a "[t]ourist or transient occupant" of Lake Joy Campground and was not akin to a shopper or other licensee but, rather, was a tenant entitled to the protection of WIS. ADMIN. CODE § ATCP 134.

¶14 Powell asserts that the contract between the parties met the requirements of a lease by transferring possession of site 98 for the period from April 21, 2017 to April 19, 2018. *See* WIS. STAT. § 704.01(1) (defining a "[l]ease" as "an agreement … to transfer possession of real property … for a definite period of time"). Powell asserts that because she purchased an interest in site 98 annually

7

since 1997, with permanent structures attached and maintained all year every year since 2001, the 2017 annual contract for the site for a definite period for a fixed amount met the requirements for a lease. *See **Brenner v. Amerisure Mut. Ins. Co.***, 2017 WI 38, ¶48, 374 Wis. 2d 578, 893 N.W.2d 193 (stating that a lease is a purchase of interest in the estate); ***Walgreens Co. v. City of Madison***, 2008 WI 80, ¶45, 311 Wis. 2d 158, 752 N.W.2d 687 (stating a "lease" is an encumbrance creating a partial estate, where the landowner no longer has full access to the property).

¶15    Powell also asserts that the contract met the definition of "[r]ental agreement" under WIS. STAT. § 704.01(3m) because it was an agreement between Lake Joy and Powell as to the essential terms for rental of a specific premises or dwelling unit. She points out that the 2017 contract was for Powell's occupation of site 98 for a specific period of time and for a specific amount. She points out that "[p]remises" is defined as "property covered by the lease," *see* § 704.01(3) and WIS. ADMIN. CODE § ATCP 134.02(9), and "[d]welling unit" is defined as a "structure … primarily used as a home, residence, or place of abode," § ATCP 134.02(2). Powell argues that the law does not require that the premises be her primary residence. She cites the definition of "[t]enancy" as having the right to present or future occupancy under a rental agreement. *See* § ATCP 134.02(13). Powell also cites the definitions of "[l]andlord," "[o]wner," and "[t]ourist or transient occupant[]" under the administrative code as supporting the circuit court's interpretation of the parties' 2017 contract as a lease. *See* § ATCP 134.02(5) ("'Landlord' means the owner or lessor of a dwelling unit under any rental agreement …."); (7) ("'Owner' means one or more persons, jointly or severally, vested with all or part of the legal title to the premises or all or part of the beneficial ownership and right to present use and enjoyment of the

8

premises."); and (14) ("'Tourist or transient occupants' means tourists or other persons who occupy a dwelling unit for less than 60 days while traveling away from their permanent place of residence."). Powell argues that her relationship with Lake Joy Campground was not one of a tourist or transient occupant. She points out that her trailer and attached rooms, shed and patio occupied site 98 continuously over a period of years.

¶16     Finally, Powell contends that the 2017 contract was ambiguous, and that the circuit court therefore properly turned to extrinsic evidence to construe the contract. *See **Capital Invests., Inc. v. Whitehall Packing Co., Inc.**,* 91 Wis. 2d 178, 190, 280 N.W.2d 254 (1979) (explaining that contract is ambiguous if it is susceptible to more than one meaning, and "[a]fter a contract has been found to be ambiguous, it is the duty of the courts to determine the intent of the parties at the time the agreement was entered into," which may involve looking to extrinsic evidence). Powell argues that the circuit court correctly determined that the 2017 contract contained ambiguous language as to Lake Joy's right to cancel the contract and the processes for removing old campers and bringing in new ones. She argues that, once the court determined that the contract was ambiguous, the court properly looked to extrinsic evidence to determine the parties' intent. *See **id.*** She argues that the circuit court properly relied on the course of dealing between Lake Joy and Powell over the years to determine that the parties intended the 2017 contract as a lease. Powell argues that the circuit court properly determined that Lake Joy's conduct breached the lease and the duty of good faith and fair dealing, and that Lake Joy has failed to develop an argument to disturb the circuit court's findings.

¶17     We conclude that, under the specific facts of this case as found by the circuit court and which have not been shown to be clearly erroneous, the

contract between the parties was a lease. Lake Joy's first argument is that the 2017 contract could not have been a lease as a matter of law because campgrounds are generally categorized as "lodging," as opposed to "real estate," under Wisconsin statutes and administrative rules. However, none of the statutes or rules Lake Joy cites establish that an annual contract for a specific seasonal site within a campground can never, as a matter of law, be a lease. We are not persuaded by Lake Joy's contention that the parties' contract could not be a lease as a matter of law based on statutes and administrative rules that generally classify campgrounds as places of temporary overnight lodging.

¶18    Similarly, we are not persuaded that the fact that campgrounds are generally places of lodging means that Powell's rights under the contract were that of a licensee with temporary permission to enter the property, akin to a shopper or movie-goer. Lake Joy asserts that Powell's rights should be considered the same as other recreational licensees, but fails to establish why that is so. Lake Joy asserts, without explanation, that the contract did not convey any interest in the campground to Powell because it allowed overnight stays for only seventy nights in a season. Lake Joy's contention that Powell's rights were necessarily equivalent to a licensee as a matter of law is conclusory, and we reject it on that basis. *See State v. McMorris*, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (stating we may decline to consider arguments that are insufficiently developed).

¶19    Next, we are not persuaded by Lake Joy's contention that the contract could not have been a lease because it was labelled as a "contract" as opposed to a "lease." Lake Joy does not explain why the label of the contract controls the type of legal relationship it created. Lake Joy also asserts, without any developed argument or citation to the record, that the contract unambiguously

10

allowed Lake Joy to cancel the agreement at any time without written notice and granted it sole authority to interpret the contract. We reject these arguments as conclusory as well. *See id.* (stating we may decline to address arguments that lack adequate legal reasoning or citation to the record).

¶20 In sum, none of Lake Joy's arguments persuade us that the 2017 contract was not a lease. Moreover, Lake Joy does not dispute any of the facts found by the circuit court as supporting its determination that the contract, together with the conduct of the parties, established a lease. The circuit court found that: Powell had annual contracts for a seasonal site at Lake Joy Campground beginning in 1997; at the time the 2017 contract was executed, Powell had already made improvements to site 98 that reflected a long history of occupancy, including building a structure and patio attached to the camper and placing a shed on the site; and Powell used the campsite as a summer home. The 2017 contract gave Powell, in exchange for the annual fee, the right to keep her camper and other improvements on site 98 from April 21, 2017 to April 19, 2018, as well as seventy overnight stays. We conclude that the annual seasonal contract between Lake Joy and Powell, together with the specific above-referenced facts found by the circuit court, established a lease between the parties.[5] *See* WIS. STAT. § 704.01(1) ("'Lease' means an agreement … for transfer of possession of real property … for a definite period of time. A lease is for a definite period of time if it has a fixed commencement date and a fixed expiration date ….").

---

[5] We emphasize that our conclusion is based on the specific facts of this case and the arguments as framed in the appellants' brief. We conclude only that Lake Joy has not established that the contract between the parties was not a lease, based on the facts presented here. We do not opine as to the legal relationships created by other contracts for seasonal campsites on different facts.

11

¶21    We also conclude that Lake Joy has not established that it did not constructively evict Powell from site 98. Lake Joy argues that the circuit court erred by finding a constructive eviction based on Lake Joy disconnecting electricity to site 98 and parking a van on site 98 to prevent Powell from placing her new camper on the site. However, Lake Joy fails to address the complete factual findings by the circuit court as establishing a constructive eviction. Rather, Lake Joy merely asserts, without supporting citation to the record, that it was justified in disconnecting electricity to site 98 as a safety measure and in preventing placement of the new camper because Powell had not submitted information about the new camper to Lake Joy for review. It also asserts, again without citation to the record, that Powell still had access to the site itself as well as the opportunity to contact Lake Joy to discuss placing the new camper and to ask for the electricity to be restored. Because Lake Joy has not developed any legal argument that the facts found by the circuit court did not amount to a constructive eviction, and has not developed any argument that the facts found by the circuit court were clearly erroneous, we reject Lake Joy's argument that there was no constructive eviction as both conclusory and insufficiently developed. *See McMorris*, 306 Wis. 2d 79, ¶30.

¶22    We are also not persuaded by Lake Joy's argument that the regulations for residential rental practices under WIS. ADMIN. CODE § ATCP 134 cannot apply in this case as a matter of law. Lake Joy argues that a campground is not a residence and that a campground is excluded from the regulations under § ATCP 134 because campgrounds are occupied by "tourist or transient occupants." *See* § ATCP 134.01(4). However, we are not persuaded that those assertions as to campgrounds generally dictate whether § ATCP 134 applies to the parties' relationship in this case. Moreover, Lake Joy's assertions that the contract

does not contain the word "reside," that the campsite was not Powell's primary residence, and that other administrative codes apply specifically to campgrounds do not persuade us that § ATCP 134 cannot regulate the lease in this case.

¶23 We also reject Lake Joy's contention that Powell, rather than Lake Joy, breached the contract. At the outset, we reject as insufficiently developed Lake Joy's assertion that the contract was not formed when it was signed and Powell paid the first half of her annual fees. Lake Joy does not explain why it believes the contract was not formed as a matter of law because the second half of the fees had not been paid. The remainder of Lake Joy's argument relies on its position that Powell's conduct breached the parties' contract, entitling Lake Joy to cancel. However, Lake Joy's arguments are unsupported by citation to the record, do not address the contrary factual findings by the circuit court, and make no attempt to show that the circuit court's relevant factual findings were clearly erroneous. *See McMorris*, 306 Wis. 2d 79, ¶30.

¶24 Finally, we reject Lake Joy's argument that it did not breach its duty of good faith and fair dealing. Lake Joy argues that it acted properly in response to Powell's conduct of both removing her camper without permission and acting inappropriately. Lake Joy argues that the circuit court erroneously found that the contract did not prohibit Powell from removing her old trailer, citing language from the contract that stated that movement of a camper must be discussed with the owner prior to moving. Lake Joy sets forth the conduct it believes was a breach of the duty of good faith and fair dealing on the part of Powell. However, again, Lake Joy fails to address the entirety of the factual findings by the circuit court, explain why it believes those facts support its position that it did not breach

its duty of good faith or fair dealing, or make an attempt to challenge any of the circuit court's underlying factual findings.[6] *See id.*

¶25    For the reasons set forth in this opinion, we are not persuaded that the circuit court erred as to its factual findings or the legal conclusions it reached based on those factual findings.  We affirm.

*By the Court.*—Order affirmed.

This  opinion  will  not  be  published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] To the extent that Lake Joy attempts to make new arguments in its reply brief, we decline to address those arguments. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) (explaining we generally decline to consider arguments raised for the first time in a reply brief).